Henry Petrie et al., Appellants, *v.* John Newell, Appellee.

APPEAL FROM McHENRY.

A promissory note made by a firm, without other evidence, is not admissible under the common counts, to charge defendants whose names do not appear on the face of the note, unless they are declared against as partners; such a case is not within the eighth section of chapter forty of the Rev. Statutes. When parties are sued as partners, they should be declared against as such in the count, under which the recovery is sought.

To charge defendants as joint obligors, the declaration must be upon an obligation under seal; if they are declared against as joint payers, the count must be upon a simple instrument, in which there is an express promise to pay; the word "implied" has reference to suits against partners sued as such.

Newell commenced this action in assumpsit against twenty-six defendants, returnable at the McHenry Circuit Court.

The declaration counts specially upon two promissory notes, which were assigned to the plaintiff. The notes are as follows:

" Woodstock, January 15, 1847.

" One day after date, for value received, the McHenry County

Printing Co. promise to pay to James Hutchins, or order, one hundred and two and $\frac{33}{100}$ dollars with interest.

J. DWIGHT, *Treas.*

" WOODSTOCK, June 1, 1846.

" $111.52.    For value received of James Hutchins, we promise to pay to him or his order one hundred and eleven $\frac{52}{100}$ dollars on demand, and interest annually, for the McHenry County Printing Company.

"JAMES HUTCHINS, ⎫
" HENRY PETRIE,  ⎬ *Finance Committee.*"
" S C. BROWN,    ⎭

There was also a count upon an account stated.

There were pleas and an issue to the country.    At the trial, a jury was waived, and the cause was heard before WILSON, Judge, at September term, 1851, of the McHenry Circuit Court. The evidence offered on the trial is stated in the opinion of the court.

A motion for a new trial was overruled.    The defendants in the Circuit Court prayed for and obtained this appeal.

CATON, J.    There are three counts in this declaration.    The first two are on two promissory notes, and the third is on an account stated.    Upon the trial, the plaintiff offered the notes in evidence under the special counts, when they were rejected by the court.    He then offered them under the count, on an account stated, when they were admitted; and there being no further evidence, a verdict was found by the court in favor of the plaintiff for the amount of the notes, to which the defendant excepted.    This exception was well taken.    Conceding that there was no error in admitting the notes in evidence under the third count, without proof of their execution, the defendants not having objected to them on that account; still, when admitted, they proved no joint cause of action against all of the defendants.    The declaration is against twenty-six defendants, and the third count is in the ordinary form on an account stated, without any averment that they had accounted with the plaintiff as partners, or in any other particular relation.    The first note is in the ordinary form and signed: " For the McHenry County Printing Company.  James Hutchins,

Henry Petrie, S. C. Brown, Finance Committee, McHenry County Printing Company." The second note is as follows: " Woodstock, January, 15, 1847. One day after date, for value received, the McHenry Co. Printing Co. promise to pay to James Hutchins, or order, one hundred and two $\frac{93}{100}$ dollars with interest. J. Dwight, Treas. McHenry County Printing Company."

There was no evidence showing any connection whatever between the other defendants and those who executed these notes. If the notes were properly admitted, under the third count, they of themselves could prove no more than they purported on their face, and they fell far short of showing that the plaintiff and all of these defendants had accounted together, and that upon such accounting there was the amount of these notes found due from them to the plaintiff below. Proof should have been produced in addition to the notes, showing that the defendants composed the printing company for which those who executed the notes professed to act, and that they were authorized to act in the capacities assumed.

This case is not within the 8th section of chap. 40, Rev. Statutes, which provides that the joint liability of the defendants need not be proved in the first instance, either where they are sued as partners, or as joint obligors, or payors. When they are sued as partners, they should be described as such in the declaration which is not done in the count upon which the trial took place, nor in that count are they declared against as joint obligors or payors. To count against defendants as joint obligors, the declaration must be upon an obligation under seal, and if they are declared against as joint payors, the count must be upon a simple instrument in which there is an express promise to pay. The word *implied*, has reference to suits against partners sued as such. In the two first counts of this declaration, the defendants are declared against as joint payors, those counts being special upon promissory notes. Not so the third count, under which the notes were admitted. That is upon an implied assumpsit, arising upon an account stated, upon the trial of which the proof is not helped out by any implication raised by the statute, and it was indispensable to introduce proof of the joint liability of all of the defendants to entitle the plaintiff to recover.

Without examining any of the other errors assigned, we think the finding of the court was without evidence, and for that error the judgment must be reversed and the cause remanded.

*Judgment reversed.*