J. M. LOCKRIDGE, Appellant, *v.* JOHN NUCKOLLS, Appellee.

Under the fifty-ninth section of the practice act, the defendant is not prohibited from denying the assignment of the note sued on, by rebutting testimony, after it has been admitted in evidence.

If it appears that the plaintiff is not the legal holder of the note, he cannot maintain his action.

THIS was an action of assumpsit on a promissory note, commenced by Nuckolls against Lockridge in the Circuit Court of Sangamon county.

The appellant appeared and filed the general issue and notice. The notice is in the words and figures following, to wit:

" The plaintiff will take notice, that on the trial of this cause, the said defendant will undertake to prove that the note sued

on, in this case, was wrongfully obtained by fraud or otherwise, from the estate of James Nuckolls, deceased, or from him, during his last illness, by ——— Nuckolls; and that said note is part of the assets of said estate, and that the note does not belong to the said plaintiff, nor to his assignors, but belongs to the said defendant, as administrator of the estate of said James Nuckolls; and that one Jno. Nuckolls is co-administrator of said estate."

These were all the defendant's pleadings in the case; *i. e.*, the general issue and notice.

The appellee introduced the note in evidence under his declaration, read the first and second assignments down to himself, and rested his case.

The defendant then produced several witnesses, who were sworn in said cause and in said issues, and by whom appellant wished and could prove the following facts, namely: That Charles D. Nuckolls, either by larceny or fraud, obtained the aforesaid note, probably with the first assignment thereon, as it now stands and is, from the payee, Jas. Nuckolls, just immediately before said James Nuckolls' death, or just after that event; and that the note aforesaid was and is a part of the estate of said James Nuckolls, deceased; but all which said witnesses and evidence were rejected by the court, as said by the court, on account of the issues and the state of the pleadings.

The defendant further offered to prove by said witnesses, that one Jefferson Nuckolls took the said note, by larceny or fraud, from said James Nuckolls, immediately before the death of the said James, or just after; and that the first indorser, Charles D. Nuckolls, had full and complete knowledge of said larceny or fraud—bought it with that knowledge; and further, the defendant wished and attempted to prove, that at the time when said Charles Nuckolls sold and assigned said note to John Nuckolls, the plaintiff, the said John, the said plaintiff, had full and complete knowledge of all the foregoing facts; but all of which the court rejected, as said by it, on account of the state of the pleadings, *i. e.*, that the aforesaid facts could not be proved under the general issue and said notice, nor either of them. And to all which rulings and decisions of the court, the said defendant then and there excepted, etc.

Judgment against appellant for $183.43.

An appeal was prayed, granted, and bond filed according to the agreement of the parties, and the order of the court.

Stuart & Edwards, and W. H. Herndon, for Appellant.

M. Hay, for Appellee.

WALKER, J. Under the general issue and notice of the special matter of defense, the appellant offered to prove that the note was obtained from the payee, either by larceny or fraud. That the appellee purchased with full notice of that fact, and was not the owner of the note in good faith. The court rejected the evidence, upon the grounds that there was no plea verified by affidavit interposed, which denied the assignment of the note sued upon in the case. It is provided by the fifty-ninth section of the practice act that "In actions upon bonds, notes and all other writings, made assignable by law, in the name of the assignee, the plaintiff shall not be held bound to prove the assignment, or signature of any assignor, unless the fact of assignment be put in issue by plea verified by the affidavit of the defendant, or some credible person, stating that he verily believes the facts stated in the plea are true."

The fourteenth section of the same act provides that, "No person shall be permitted to deny on trial the execution of any instrument in writing, whether sealed or not, upon which any action may have been brought, or which shall be pleaded or set up by way of defense or set-off, unless the person so denying the same shall, if defendant, verify his plea by affidavit; and if plaintiff, shall file his or her affidavit denying such instrument, etc." The question presented is, whether the same construction shall be given to each of these provisions, and the first be governed by the same rules which have been announced under the latter. Under the fourteenth section it has been uniformly held, that the party is not at liberty to deny the execution of the instrument, or put the other party to its proof, except in the mode prescribed. Until that provision is complied with, the mere production of the instrument proves itself without further evidence. And when admitted in evidence, the maker has no right to deny or rebut by evidence the genuineness of its execution.

The language of the fifty-ninth section is different from the other. It dispenses with proof of the assignment, before the instrument is admitted, unless the act of assignment is denied by plea verified by affidavit, whilst the maker under the fourteenth section is not permitted to deny the execution of the instrument except in that mode. This section does not prohibit the defendant from denying the assignment by rebutting evidence. It only provides that until the assignment is denied in the mode indicated, the plaintiff shall not be required to make the proof. In the one case the maker is not permitted to deny the execution of the instrument, and in the other, the holder is not required to prove the assignment. The one is conclusive, and the other is presumptive. When the note and assignment are produced, they may unquestionably be read in evidence, if otherwise un-

objectionable, unless their execution is denied, in the mode pre-scribed, and when read, we have seen the defendant has no right to deny or question the execution of the note, as he is expressly prohibited from doing so by the statute ; but the fifty-ninth sec-tion contains no prohibition against denying the assignment after it is admitted in evidence.

The fact that the legislature has employed different language in the two sections, would seem to imply that they were designed to have a different operation.   We think a fair and reasonable construction of these two provisions, justifies the distinction that under the one the maker cannot deny the execution of the instrument either before or after it is introduced, while under the other he cannot deny it before but may after its introduction in evidence.   The assignment indorsed upon the note is made *prima facie* evidence of its genuineness, but does not preclude the defendant from rebutting that fact.   Or if he chooses, he may by denying it by plea verified by affidavit throw the burthen of the proof on the plaintiff in the first instance.   We are there-fore of the opinion that the evidence was competent for the pur-pose for which it was offered, and should have been received.

It was also urged that whether the assignment was genuine was a question which did not concern the appellant.   But that it was a question alone between the appellee and the adminis-trators, and that if the note was the property of the estate, appellant had no right to show that fact to defeat a recovery. Before the adoption of the fifty-ninth section, the plaintiff could not recover on such an instrument, until he had made proof that he was the legal holder, and the statute still imposes that duty where the verified plea is filed.   It then necessarily follows that if it appears by either mode that he is not the legal holder of the instrument, he has no right to maintain his action.

The judgment of the court below is reversed, and the cause remanded.                                    · *Judgment reversed.*