ANDREW DONNAN

v.

WILLIAM BANG.

1. DENIAL OF JOINT LIABILITY.—The statute requiring a denial of joint liability to be made under oath, in proceedinns before justices of the peace, is not intended to preclude the defendants from giving evidence on the trial, showing that they are not liable jointly, but only to relieve the plaintiff from proving a joint liability in the first instance.

2. INSTRUCTION AS TO PARTNERSHIP.—It was error to give an instruction that if the jury believe that the defendants were not in fact partners, still, if they acted as such, or held themselves out as partners, they should find for the plaintiff. The defendants were not sued as partners, neither was there any evidence to show that they acted as such, and the instruction was calculated to mislead the jury.

APPEAL from the Circuit Court of St. Clair county; the Hon. WILLIAM H. SNYDER, Judge, presiding.

Mr. C. F. NOETLING and Mr. R. A. HALBERT, for appellant; that the note given by one of the defendants in settlement of the claim, should have been surrendered before bringing suit against the maker and another jointly for the same cause of action, cited Stevens v. Bradley, 22 Ill. 244; Rayburn v. Day, 27 Ill. 47.

Statements in regard to a partnership made by one defendant in the absence of the other, should not have been admitted: Degan v. Singer, 41 Ill. 28; Hahn v. St. Clair S. & Ins. Co. 50 Ill. 456; Bishop v. Georgeson, 60 Ill. 434.

If a partnership is to be implied against defendants as directors of the railroad company, it should be against all the directors: Hickey v. Stone, 60 Ill. 458.

Instructions must be based on evidence: Nicholls v. Bradsby, 78 Ill. 44; Ryan v. Donnelly, 71 Ill. 100; Reinback v. Crabtree, 77 Ill. 182; Drohn v. Brewer, 77 Ill. 280; T. W. & W. R. R. Co. v. Ingraham, 77 Ill. 309; Strauss v. Minzesheimer, 78 Ill. 492; Ill. Cent. R. R. Co. v. Cragin, 71 Ill. 177; I. B. & W. R. R. Co. v. Birney, 71 Ill. 391; Alexander v. Mt. Sterling, 71

Ill. 366; I. &. St. L. R. R. Co. v. Miller, 71 Ill. 463; P. F. W. & C. R. R. Co. v. Powers, 74 Ill. 341.

Where improper instructions may have contributed to the result, a new trial should be given: T. W. & W. R. R. Co. v. Moore, 77 Ill. 217; T. W. & W. R. R. Co. v. Corn, 71 Ill. 493; C. B. & Q. R. R. Co. v. Van Patten, 74 Ill. 91.

Messrs. HAY & KNISPEL, for appellee; that it was unnecessary to prove a joint liability, it not having been put in issue by affidavit, cited Rev. Stat. Chap. 79, § 58; Warren v. Chambers, 12 Ill. 124; McKinney v. Peck, 28 Ill. 174; Stevenson v. Farnsworth, 2 Gilm. 715; Dwight v. Newell, 15 Ill. 333.

Defendants held themselves out as partners, and became liable to third persons as such: Poole v. Fischer, 62 Ill. 181; Smith v. Knight, 71 Ill. 148; Fischer v. Bowles, 20 Ill. 396; Niehoff v. Dudley, 40 Ill. 406.

A verdict will not be disturbed unless it is manifestly against the weight of evidence: Palmer v. Wier, 52 Ill. 341; Davis v. Hoeppner, 44 Ill. 306.

Even if there be a slight preponderance against the verdict it will not be disturbed: Bloomer v. Denman, 12 Ill. 240; Gooddell v. Woodruff, 20 Ill. 191; Chase v. Debolt, 2 Gilm. 371.

Taking a promissory note is a conditional payment only: Story on Promissory Notes, § 104; Heartt v. Rhodes, 66 Ill. 351.

A recovery can be had on the original consideration, without surrender of the note, if the note cannot be enforced by a third party: Miller v. Lumsden, 16 Ill. 161; Leake v. Brown, 43 Ill. 372.

It is not error to admit evidence which does not prejudice the opposite party: Thompson v. McLaughlin, 66 Ill. 407; C. & A. R. R. Co. v. Clampit, 63 Ill. 95.

The fact that improper evidence is admitted without objection, will not justify its rebuttal by evidence of the same character: Wickenkamp v. Wickenkamp, 77 Ill. 92.

WALL, J.   This suit was brought by Bang against Donnan

and Henderson, before a justice of the peace. Henderson was not served. Judgment having been rendered against Donnan, he appealed to the Circuit Court. The case was tried by a jury in the Circuit Court, and again resulted against Donnan. A motion for new trial having been overruled, the case is brought to this court by appeal.

The plaintiff's demand was for board furnished to a number of men who were engaged in surveying a projected railroad. These men were brought to the plaintiff by Henderson, who said the board should be charged to Donnan and himself. The bill amounted to $136.70, upon which Henderson paid $34.35, and for the balance, $102.35, gave the plaintiff his individual note, which plaintiff assigned to the People's Bank. This note not being paid, suit was brought upon it by the bank against Henderson, and afterwards against Bang as endorser. Bang paid the latter judgment. There is no evidence in the record to show that Donnan authorized Henderson, or any one else, to incur this liability on his account; nor is there any evidence tending to show that Donnan and Henderson were partners in any wise, except that they were joint owners of some real estate.

The evidence for the defense shows that they were not partners, and that Henderson had no authority to pledge the credit of Donnan. These two men and a number of others were corporators of the railroad company, of which Donnan was vice president. The bill was clearly incurred on account of the corporation. Henderson and Donnan were each actively engaged in pushing the survey, obtaining right of way, etc., and so far as they chose, could of course make themselves liable for supplies or services furnished to the company, but neither had power to involve the other without his consent. It is urged, however, that it was not necessary to prove the joint liability of Donnan and Henderson, they having been sued as joint defendants, and the joint liability not having been put in issue by affidavit. This proposition involves the proper construction of Sec. 58, Chap. 79, Rev. Stat. entitled "justices and constables," which reads as follows: "In actions upon contracts, expressed or implied, against two or more defendants as joint defendants or partners, or joint obligors or payors, whether so

alleged or not, proof of the joint liability or partnership of the defendants, or their christian or surnames, shall not in the first instance be required, to entitle the plaintiff or plaintiffs to judgment, unless the defendant or defendants, or any of them, shall deny the partnership or joint liability, or the execution of the instrument sued upon, by affivavit." On the one side it is contended that the want of such an affidavit precludes the defendants from questioning joint liability by proof. On the other, it is contended that the failure to file such affidavit only dispenses with the necessity of proof on the part of plaintiff in the first place, and that thereby a *prima facie* case only is made out, leaving defendants at liberty to offer evidence to overcome this presumptive or *prima facie* case. At common law, the plaintiff was held bound to prove every material averment essential to recovery, including, of course, the proof of the execution of a written instrument sued on, and the joint liability of all defendants in the action.

If the plaintiff failed in proving a joint contract he might be nonsuited on the trial, 1 Chitty Pl., 44; and the consequences of a mistake in this respect were serious and important. By the 12th section of the "act concerning practice in courts of law," approved Jan. 29, 1827, it was provided that no person should be permitted to deny on trial the execution of any instrument in writing sued on, etc., unless he should verify his plea by affidavit. This statute did not change the mode of pleading, but the rule of evidence only. The pleas of *non est factum* and *non assumpsit* were still proper, but unless verified by affidavit, the plaintiff was not bound to prove, and defendant was not permitted to deny, the execution of the instrument as before the passage of the act. The act, however, did not apply to the question of partnership or joint liability, and the plaintiff was still bound to make good this allegation in actions against partners or other joint defendants. To obviate this difficulty in part, it was provided in the second section of the "act regulating evidence in certain cases," approved February 17, 1841, "In actions upon contracts, express or implied, against two or more defendants, alleged to have been made or executed by such defendants as partners, or joint obligors, or payors, proof of the

joint liability or partnership of the defendants, or their christian or surnames shall not, in the first instance, be required to entitle the plaintiff to judgment, unless such proof shall be rendered necessary by pleading in abatement, or the filing of pleas denying the execution of such writing, as is required by the "act concerning practice in courts of law." In the case of Stevenson v. Farnsworth, 2 Gilm. 715, it was held that this statute was intended to change the rule of evidence respecting the proof of partnership and put it upon the same footing with proof of the execution of written instruments, and that this act must receive the same construction as the act to which it referred, and if the partnership was not denied under oath, it was conclusively admitted. In the revision of 1845 the 12th section of the act of 1827, with reference to the proof of the execution of written instruments, appears as a part of section 14 of the Practice Act, chapter 83, R. S. 1845, page 415, while the 2nd section of the act of 1841 appears as section 8 of chapter 40, in regard to evidence and depositions, R. S. 1845, page 233, with this change, that the words "as required by law," are substituted for the words "as required by the act concerning practice in courts of law." In the case of Warren v. Chambers, 12 Ill. 124, the Supreme Court said: "The change of these words can not in the least alter the construction to be put upon the act." It is clear, therefore, that the phrase the "filing of pleas denying the execution of such writing," has reference to the plea required to be filed by section 14, chapter 83, R. S. to put in issue the genuineness of the instrument upon which suit is brought; and it was held that when persons were sued as partners not upon a written instrument, the joint liability should be put in issue by plea in abatement sworn to, and this not having been done, the partnership was conclusively admitted. In these cases the words "in the first instance," which were then in the section, were not deemed to limit the force of the section, but it was read as though these words were not in it, and the reference to the act of 1827, in the one case, and the construed reference to Sec. 14, Ch. 83, R. S. 1845, in the other case, was held to give the section the same effect as the section referred to.

In the case of Stevenson v. Farnsworth, the action was upon a promissory note alleged to have been executed by defendants as partners, by the style of C. Stevenson & Co.   In the case of Warren v. Chambers, the declaration counted against the defendants as partners for money paid and advanced, and the real question before the court was, whether the partnership or joint liability must be raised by plea in abatement or by the general issue.   A majority of the court held, that where defendants were jointly sued as the makers of a written instrument, a plea sworn to, denying the execution of the writing, would also put in issue the joint liability of the defendants; but where, as in the case then under consideration, the defendants were charged upon a contract or liability not in writing, a plea in abatement was necessary to raise the question of partnership or joint liability; and it was assumed though not discussed, and the point was not made, that without such a plea the joint liability was not to be controverted, and that all the evidence on the subject was improperly admitted, as no such question was made by the pleadings.   It is remarkable that the force to be given to the words "in the first instance" was not considered, and the question does not appear to have attracted, the attention of the court.   In the case of Lockridge v. Nuckolls, 25 Ill. 178, the Supreme Court construed the 59th section of the Practice Act, which provided that " in actions upon bonds, notes, and all other writings made assignable by law, in the name of the assignee, the plaintiff shall not be held bound to prove the assignment or signature of any assignor unless the fact of assignment be put in issue by plea verified by affidavit of the defendant or some credible person, stating that he verily believes the facts stated to be true."

This section was compared with the 14th section of the Practice Act above referred to, which provided that " no person shall be permitted to deny on trial, the execution of any instrument, whether sealed or not, upon which any action may have been brought, etc., unless the person so denying the same should, if defendant verify his plea by affidavit, etc.," being the same provision originally enacted in the statute of 1827. The question was whether the same construction should be

placed upon the 59th section, that had been uniformly placed upon section 14, and it was said, " a fair and reasonable construction of the two provisions justifies the distinction that under the one the maker cannot deny the execution of this instrument, either before or after it is introduced, while under the other he cannot deny it before, but may after its introduction in evidence."

It will be noticed that the section under consideration in 2 Gilm. and 12 Ill. was by its terms limited to cases where defendants were charged as partners, joint obligors or joint payors, and in Petrie v. Newell, 13 Ill. 647, it was held that when persons are sued as partners they should be so described in the declaration, and that to count against defendants as joint obligors, the declaration should be upon an instrument under seal, and if they are declared against as joint payors the count should be upon a simple instrument in which there is an express promise to pay—the word "implied " being held to refer to suits against partners declared as such. In the Revision of 1874 appears the section first above quoted, viz. Sec. 58, Ch. 79, having reference to proceedings before justices of the peace, and a similar section was placed in the Practice Act, Sec. 36, regulating proceedings in courts of record. It is noticeable that this Sec. 58 is unlike Sec. 8. Ch. 40, R. S. 1875, in two particulars. First, the words "joint defendants or " are interpolated before the word partners—thus enlarging the scope of cases to which the section might apply, so as to include a joint liability not arising out of a partnership or the execution of a written instrument, sealed or unsealed—and by the insertion of the words " whether so alleged or not," which is in the same direction. Secondly, the words " as required by law" are omitted. We think these changes are important, and that it is important that the section as thus modified is applied to proceedings before justices of the peace. Were we now called on to construe this section 58 without reference to the construction that has been given the 2nd section of the act of 1841, and the 8th section of the act of 1845, we would say without hesitation that in view of the rights of parties at common law, and the ordinary meaning of the language employed, the

Donnan v. Bang.

effect is only to relieve the plaintiff from the necessity of proving joint liability when it is not denied by affidavit, in order to make out a *prima facie* case upon which he might recover, but that the defendant is still permitted to rebut the *prima facie* case thus made.

It is a fundamental rule, that in construing statutes, effect must be given to every word employed, if it can be done consistently; and no word should be held meaningless if such a result can be avoided. Where there are repugnant provisions, that construction must be adopted which is most in accordance with the general scope and intent of the whole act. But where there is no repugnancy, no part of the act should be ignored, but effect should be given to it all.

In the view we are inclined to take, full force is given to the words "in the first instance." In the other view which is urged on, these words are superfluous, and the section would have precisely the same meaning and effect without them. If this section 58 were in the same form as the sections considered in the cases of Warren v. Chambers, and Stevenson v. Farnsworth, we should perhaps feel bound to give it the construction claimed by the appellee; but considering the change in the language employed, and the enlargement of the provision to include a very important class of cases not embraced by the old statute, and the construction adopted in the case of Lockridge v. Nucholls, *supra*, we feel at liberty to put upon it the construction above indicated.

The section considered in the cases above cited had reference to practice in courts of record, and did not apply to suits before justices of the peace, where there are no written pleadings, and where it has always been the policy of legislation to simplify the proceedings as far as possible. No construction should be adopted that would tend to complicate or confuse or mislead in the trial of causes before these tribunals. Where persons are sued in a court of record as partners, or as joint makers of sealed or simple instruments of writing, it might involve no special hardship to compel the defendants to deny the partnership, or joint execution of the instrument sued on, under oath, as these are facts peculiarly within their own knowledge; but it would be a

very harsh rule to compel defendants sued in a court where written pleadings are not required, to deny under oath a joint liability, which the plaintiff is not bound to allege, in contracts express or implied, and in default of such denial be held to a conclusive admission of such joint liability. In many cases that may be the essential matter in dispute, and might be a purely legal question. The legislature might enact such a rule and the courts would enforce it; but we think we ought not to ignore the ordinary import of any of the language employed for the purpose of placing such a construction upon this section.

In the trial of this case, the parties on both sides seemed to take the view that the joint liability was in issue. Evidence was offered upon the point by plaintiff, as well as by defendant, and an effort made to establish the proposition, and to controvert it, the result being as before stated; and it would seem too late now to insist, for the first time, that such evidence was inadmissible, when, if the objection had been made below, it could have been so easily obviated. No objection was there made by the plaintiff as to the relevancy of this proof on this ground. The plaintiff might waive it, and it may well be presumed, from the course taken by him, that he did waive it. The court gave the following instruction at the instance of the plaintiff :

"The court instructs the jury that even if they believe, from the evidence, that Henderson and Donnan were not in fact partners, still if they acted as partners, or held themselves out to the world or to the plaintiff as partners, they would be liable as partners, and they would then find for the plaintiff such amount as may be so proved."

The defendants were not sued as partners, nor was there any evidence to show that they acted as partners. They were shown to have been jointly interested in some land, but this did not constitute them partners in a legal sense. The jury are advised by this instruction, that if the defendants acted as partners they would be liable as partners, and the jury should find for the plaintiff, assuming that the only point necessary to a recovery for the jury to investigate, was whether they had acted

as partners, or so held themselves out to the world; and if the jury should so find, then the plaintiff's demand should be allowed.

In view of the testimony in the case, we think this instruction was calculated to, and probably did, mislead the jury. The judgment is reversed and cause remanded.

Reversed and remanded.