## WILLIAM H. LANGDELL
### v.
## MICHAEL HARNEY AND WILLIAM PAYTON.

*Partnership—Joint Right of Action—Pleading—Presumption.*

1.   Where plaintiffs sue as copartners, their joint right of action will be presumed unless defendant interposes a verified denial of their copartnership.

2.   In an action for labor performed this court declines to interfere with a verdict for plaintiffs.

[Opinion filed May 28, 1890.]

APPEAL from the Circuit Court of Marshall County; the Hon. S. S. PAGE, Judge, presiding.

Messrs. T. F. CLOVER and J. J. SANDS, for appellant.

Messrs. BARNES & BARNES, for appellees.

UPTON, P. J.   This suit was commenced before a justice of the peace to recover for an alleged balance claimed to be due the appellees from the appellant for work and labor.   Appellees recovered a judgment before the justice of the peace, and the suit was taken to the Circuit Court by appeal, and was there heard before the court and a jury and a verdict rendered for the appellees in the sum of $21.60, upon which, after overruling a motion for a new trial, the trial court entered judgment, and a further appeal was taken to this court.

Two questions are relied upon in this court for reversal by the appellant, and constitute the only errors assigned upon this record, viz.:

1st.   The appellees can not recover jointly, or as copartners, in this suit.

2d.   The verdict is excessive.

First.   It might be quite sufficient, to fully meet the first error assigned, to say that this action was originally brought by appellees as copartners, or joint contractors, or obligees, against the appellant; this is admitted by the record in the

errors assigned.   No proof of that joint liability or right of action was required of appellees, but that fact stood admitted *prima facie*, or presumed to be true as claimed, unless the appellant (defendant below) had interposed, by plea or otherwise, a verified denial of that fact, pursuant to the statute. Chap. 79, Sec. 58, Starr & C. Ill. Stats.; Donnan v. Bang, 3 Ill. App. 400.

This verified denial was not interposed, hence no proof was required of that fact in the first instance, and the point is not well taken.

But the record discloses that there was evidence of a copartnership, or joint right of action; both of appellees so testified in the trial court.   Independent of the statute, therefore, the jury were justified in finding for appellees on that point.

.Second.   We have carefully examined the evidence in the record before us, and we can not say the jury were not justified in the verdict by them found.   The facts were such as were peculiarly within the province of a jury to determine, not only as to the amount of the labor performed, but the nature thereof, and the jury had the parties and their several witnesses personally before them, and were far better able to judge of the weight to be given to their testimony than we possibly can be, and we do not feel called upon to disturb it. Finding no error in this record, the judgment of the Circuit Court is affirmed.

*Judgment affirmed.*