# CASES

IN THE

# APPELLATE COURTS OF ILLINOIS

## FOURTH DISTRICT—FEBRUARY TERM, 1894.

53  517
63  137

## George Martin and Thomas W. Moore v. Andrew S. Nelson and Clark B. Lyon.

1. INSTRUCTIONS—*When There is no Joint Liability.*—It is not error to instruct the jury in a suit against two persons that a recovery can not be had upon an individual contract with one of them, where the evidence shows there was no joint liability.

2. PRACTICE—*Joint Liability.*—The effect of the practice act, providing that proof of joint liability shall not be required to entitle plaintiff to judgment unless the defendants shall file a plea verified by affidavit denying the joint liability, is, that without the filing of such a plea, proof of joint liability shall not be required *in the first instance.* But notwithstanding this provision of the statute, if it affirmatively appears from the plaintiff's evidence, or is made to appear by the defendant's evidence, that there is no joint liability, the defendant may defeat the action under the general issue upon that ground without filing a plea under oath denying the joint liability.

Memorandum.—Assumpsit for commissions of real estate agent. Appeal from the Circuit Court of Washington County; the Hon. GEORGE W. WALL, Judge, presiding. Heard in this court at the February term, 1894, and affirmed. Opinion filed June 23, 1894.

The opinion states the case.

APPELLANTS' BRIEF, JAMES M. ROUNTREE AND W. HENRY MOORE, ATTORNEYS.

Where two are sued jointly upon a contract " whether so alleged or not," proof of the joint liability shall not be required to entitle plaintiff to judgment unless the defendants

(517)

shall file a plea verified by affidavit denying the joint liability.  R. S., Chap. 110, Sec. 36; Stevenson et al. v. Farnsworth et al., 2 Gil. 715.  Plea verified by affidavit must be filed or evidence as to joint liability is improper.  Warren v. Chambers et al., 12 Ill. 124; Davis v. Scarritt, 17 Ill. 202. Such plea "is not waived" by a plea of non-assumpsit. Stillson et al. v. Hill, 18 Ill. 262.  Where no such issue is presented by the pleadings an instruction thereon is improper.  Bourland v. Gibson et al., 124 Ill. 607.

Parties may so conduct themselves as to be liable to third person as partners when in fact no partnership exists as between themselves.  Phillips v. Phillips, 49 Ill. 437; Bushnell v. Consolidated Ice Machine Co., 138 Ill. 67.

APPELLEES' BRIEF, WATTS & WATTS AND CHAS. T. MOORE, ATTORNEYS.

Appellees contended that Section 36, Chapter 110, R. S., will not bear the construction contended for by appellants. It can not be held that this statute relieves a plaintiff from the necessity of establishing his cause of action against all the defendants.  It merely relieves him from the common law burden of proving their joint liability in the first instance.  Hence, if it affirmatively appears from the plaint iff's testimony that one of the defendants is not liable upon the contract sued on, or if such fact is established by the defendant's evidence, no recovery can be had.  Rosenburg et al. v. Barrett, 2 Brad. 389; Davidson et al. v. Hill, 1 Brad. 70; Garland et al. v. Peeney, 1 Brad. 108.  The rule is inflexible that in actions on contracts against two or more, and all are served with process, judgment must go against all or none.  The only exception to this rule is where the defense is personal—such as infancy or bankruptcy.  Waugh v. Suter et al., 3 Brad. 273; Faulk v. Kellum, 54 Ill. 188; Harety v. Lybarger, 3 Brad. 524.

MR. JUSTICE SCOFIELD DELIVERED THE OPINION OF THE COURT.

Appellants sued appellees for commissions on the sale of lands in Washington county, effected, as the evidence shows,

without their instrumentality. As a consideration to support their claim to such commissions, appellants testified to a contract with appellee Nelson, at one time, and with appellee Lyon at another time, whereby appellants were to receive $50 for every man sent to Kansas by them with whom a land trade should be effected, and a certain commission on the sale of any land in Washington county, with or without the aid or intervention of appellants. On the other hand appellees testified that appellants were to receive a commission only on lands in Washington county which were sold by them, and were corroborated in this statement by many facts satisfactorily established on the trial. Appellants asked the court to give the following instruction to the jury:

"If you believe from the evidence that the defendants agreed and contracted with the plaintiffs to pay a commission of five per cent on the first $1,000, and two and one-half per cent on all amounts over that sum on all sales of all real estate sold by defendants in Washington county, whether sold through the agency of plaintiff or not, and that defendants have not so paid plaintiffs, your verdict should be for plaintiffs, for whatever sum you believe from the evidence was due at the time of the commencement of this suit on that account."

The court modified this instruction by inserting after the words, " contracted with the plaintiffs," the following : " as a part of a contract with reference to sending buyers for lands in Kansas;" and also after the words, " Washington county," the following : " obtained as a part of sales of lands in Kansas." Appellants insist that the court erred in thus modifying their instruction. We think that the modification was properly made in order that the instruction might be harmonized with the facts of the case as sworn to, even by appellants themselves. Neither by the contract nor under the evidence, was there a claim for commissions on any other basis than that stated in the instruction as modified. All the lands sold in Washington county had been obtained, either directly or indirectly, " as a part of sales of lands in Kansas," and the contract as to commissions thereon, which was relied upon by appellants, was " part of a contract with reference to sending buyers for lands in Kansas."

It is also said that the court erred in giving the following instruction for appellees:

"The court instructs you that in a suit against two persons, a recovery can not be had upon an individual contract with one of them."

This instruction is certainly based upon the evidence, which shows two separate contracts, one made with appellee Nelson individually, and the other made with appellee Lyon individually. Letters were written and settlements were made on the theory that these were not joint contracts. Appellant Moore swears that appellants had no relations with Nelson and Lyon jointly, at any time. Appellant Martin swears that Lyon "took up" the business where Nelson "left off." The evidence shows that there was no joint liability, and this being true, there could be no recovery against them jointly.

But it is insisted that under the practice act, proof of joint liability "shall not be required to entitle plaintiff to judgment, unless the defendants shall file a plea verified by affidavit, denying the joint liability." Inasmuch as no such plea was filed in this case, it is contended that the joint liability was conclusively admitted. We do not so construe the statute, which is to the effect that without the filing of such a plea, proof of joint liability shall not be required in the first instance; but we hold that notwithstanding this provision of the statute, if it affirmatively appears from the plaintiff's evidence, or is made to appear by the defendant's evidence, that there is no joint liability, the defendant may defeat the action under the general issue upon that ground without filing a plea under oath denying the joint liability. Davison et al. v. Hill, 1 Bradw. 70; Garland et al. v. Peeney, Id. 108; Rosenberg et al. v. Barrett, 2 Bradw. 386; Bensley et al. v. Brockway, 27 Ill. App. 410. The opinion in the last case cited is conclusive on this question, fortified as it is by sound reasoning and by reference to Lockridge v. Nuckolls, 25 Ill. 178, where a similar statute received a similar construction.

We are satisfied with the verdict of the jury and the judgment is affirmed.