## Goebel & Wetterau v. Montgomery & Co. et al.

1. PRACTICE—*Trial by the Court—No Propositions of Law Submitted.*—When the trial is by the court and no propositions of law are submitted, the only question before the Appellate Court is whether or not the evidence is sufficient to sustain the finding and judgment of the court below.

2. SAME—*Failure to File a Plea Denying the Partnership.*—The failure by a defendant to file a plea denying the partnership alleged in the declaration, does not conclusively make such defendant a member of the firm.

Attachment and Interpleader.—Appeal from the Circuit Court of Randolph County; the Hon. GEORGE W. WALL, Judge, presiding. Heard in this court at the August term, 1895. Affirmed. Opinion filed March 7, 1896.

A. E. CRISLER and A. G. GORDON, attorneys for appellants.

RALPH E. SPRIGG, attorney for appellees.

MR. JUSTICE SCOFIELD DELIVERED THE OPINION OF THE COURT.

This case was tried by the court without a jury. No propositions of law were presented to the court by either party. Therefore the only question before us, and in fact, the only question argued by counsel, is whether or not the evidence is sufficient to sustain the findings and judgment of the court.

The case was commenced by a writ of attachment sued out by appellants against Montgomery & Co., who were indebted to appellants for merchandise sold and delivered. Three grounds of attachment were stated in the affidavit. One ground only was insisted upon, however, and that was that Montgomery & Co. were about to fraudulently dispose of their property so as to hinder and delay creditors.

The Hargadine-McKittrick Dry Goods Co. filed an interpleader, in which they claimed to be the owners of the property as preferred creditors by reason of a *bona fide* purchase of the goods from Montgomery & Co. in payment of the amount due them for goods sold and delivered. There was no question as to the justness or amount of the interpleader's account. The controversy was as to the good faith of the sale, and also as to the transfer of the possession of the property before the writ of attachment was levied. The evidence, as is usual in this class of cases, was conflicting. But the court was justified in finding that the interpleader was the owner of the property as a purchaser in good faith, to satisfy an indebtedness justly due, and was in the possession of the property before the levy of the attachment writ.

The court was also justified in finding for Montgomery & Co. on the issues joined on the attachment affidavit.

It is said, however, that the sale was made by Isaac Montgomery, and that this did not pass John Montgomery's interest in the property as a member of the firm of Montgomery & Co. But the evidence shows that John Montgomery was not a member of the firm. Isaac Montgomery was doing business under the firm name of Montgomery & Co., and John, his son, was acting as the manager of the business. Nor is there sufficient evidence to show that John so conducted the business as to make himself responsible to third parties as a partner.

But it is urged that "failing to deny the partnership by plea makes it conclusive that John Montgomery was a member of the firm." Such is not the law. 2 Starr & Curtis' Stat., Chap. 110, Sec. 36; Martin et al. v. Nelson et al., 53 Ill. App. 517.

It is worthy of remark that no objection to the evidence on this question was made when the same was introduced, and that for this reason no objection will be entertained now; also that the name of John Montgomery does not appear in the affidavit or writ, or in any pleading in this case, but is found in the sheriff's return only, and that if John was not a member of the firm of Montgomery & Co. no plea of any kind upon his part was necessary. The judgment is affirmed.