WILLIAM T. SHUFELDT, impleaded with William S. Littell, Appellant, *v.* JOEL SEYMOUR *et al.,* Appellees.

APPEAL FROM COOK COUNTY COURT OF COMMON PLEAS.

The question of partnership should be put in issue by a plea of abatement properly verified.

THIS was an action of assumpsit, commenced by the appellees against the appellant and William S. Littell, by summons.

The action was upon a promissory note, signed " W. T. Shufeldt & Co."

The declaration charged the defendants below as co-partners, under the firm name and style of W. T. Shufeldt & Co., and contains a special count and the usual common counts.

The first or special count states that the defendants below made their promissory note in writing, bearing date, etc., and delivered the same to the appellees, in and by which note the defendants below, by the name, style and description of W. T. Shufeldt & Co., promised to pay to the order of the appellees, by the name and style of Seymour & Woodruff, etc.

The appellant, Wm. T. Shufeldt, pleaded non-assumpsit, and annexed to his plea and filed therewith an affidavit, denying the execution of the note by the defendants below, and denying also that the defendants below ever were partners.

William S. Littell, the other defendant, did not plead, and his default was entered.

The cause came on for trial upon the issues thus raised, by agreement of counsel, before the court without the intervention of a jury.

The plaintiffs below called a witness who testified that the signature to this note is in the hand-writing of the defendant, William T. Shufeldt, and was by defendant Shufeldt subscribed in his presence.

The note was then read in evidence.

The appellees then rested their case.

The appellant Shufeldt thereupon submitted to the court for its decision, the question, whether the evidence of the plaintiffs

below was sufficient under the pleadings to entitle them to a judgment against him, which question the court decided in favor of the plaintiffs below, to which decision the appellant Shufeldt excepted.

The appellant Shufeldt then called as witness, *George A. Shufeldt, Jr.*, and asked him who composed the firm of W. T. Shufeldt & Co., at the time of the making of the note in suit, to which question the appellees objected, on the ground that the partnership of the defendants below was not at issue, which objection the court sustained, and the appellant duly excepted.

This was all the evidence in the cause, and thereupon the court found the issue for the plaintiff below, and assessed the damages at $102.28.

The appellant thereupon entered a motion for a new trial, which was overruled, and thereupon he took an appeal.

The errors assigned and relied on by the appellant, are as follows, to wit:

1st.  That the court erred in deciding that the question of the partnership of the appellant and the said Littell, defendants below, was not put in issue by the pleadings in this action.

2nd.  That the court erred in deciding it to be unnecessary for the plaintiffs below to prove the partnership of the defendants below.

3rd.  That the court erred in refusing to allow the appellant to prove who composed the firm of W. T. Shufeldt & Co., at the time of the making of the note on which this action is founded, and that the defendant below, William S. Littell, never was a member of the firm of W. T. Shufeldt & Co.

4th.  That the court erred in entering judgment in favor of the plaintiff below.

5th.  That the court erred in refusing the motion for a new trial.

And the appellees join in the above errors.

HOPKINS & GUTHRIE, for Appellant.

HELM & CLARK, for Appellees.

CATON, C. J.  The plea was a plea denying the execution of the instrument on which the action was brought.  It did not put in issue the fact of the partnership, which was averred in the declaration.  That fact could only be put in issue by a plea in abatement, properly verified, as directed by our statute. *Warren* v. *Chambers*, 12 Ill. R. 124.  The execution of the note was put in issue, and that alone was in issue.  That fact was abundantly proved on the trial, and the fact of partnership

having been admitted by not filing a plea in abatement, it followed necessarily that the plaintiff was entitled to judgment.

The judgment must be affirmed.

*Judgment affirmed.*