ELIZA A. WHITESIDE

*v.*

ROBERT MARGAREL.

51 507
27a 412

51 507
34a 77

51 507
50a 390
50a 511

51 507
57a 188

51 507
104a 168

1. EVIDENCE—*statement of an agent.* The statements of an agent are admissible, to charge the principal, only when they are a part of the *res gestœ.* They are not admissible when made out of the presence of the principal, and to a third person having nothing to do with the subject matter, and at a time when the agent was not engaged in the business to which the controversy relates.

2. An agency can not be proven by the mere statement of the alleged agent.

APPEAL from the County Court of DeKalb county; the Hon. DANIEL B. JAMES, Judge, presiding.

This was an action of assumpsit brought in the court below by Robert Margarel against Eliza A. Whiteside, to recover for work and labor alleged to have been done by the plaintiff, in the breaking of a quantity of land on a farm owned by the defendant, under a contract made with Thomas Whiteside as the agent of the defendant.

Upon the trial, Jerry Sullivan, who was called as a witness on behalf of the plaintiff, was permitted to testify, against the objection of the defendant, in relation to certain statements made to the witness by Thomas Whiteside, in respect to the matter in controversy, when the defendant was not present, and the agent was not engaged in the business to which the controversy relates.

Jackson, another witness for the plaintiff, was allowed to testify to statements made to him by Thomas Whiteside in reference to the authority of the latter to act as the agent of the defendant in connection with the alleged contract upon which this suit arose. This evidence was also admitted against the objection of the defendant, and exception was taken.

The trial resulted in a verdict in favor of the plaintiff, and his damages assessed at $165, and judgment was entered upon the verdict.

The defendant appeals, and assigns as error that the testimony of the witnesses Sullivan and Jackson was improperly admitted.

Mr. R. L. DIVINE, for the appellant.

Messrs. KELLUM & ROBINSON, for the appellee.

Mr. JUSTICE LAWRENCE delivered the opinion of the Court:

The testimony of Sullivan as to what Thomas Whiteside, the agent of the appellant, said, was improperly admitted. It was not said to, or in the presence of, the appellee, but to a third person having nothing to do with the controversy between these parties, and at a time when the agent was not engaged in the business to which the controversy relates. The statements of an agent are admissible only when they are a part of the *res gestæ*, but in this case they can not possibly be so regarded. Greenleaf's Ev. sec. 113.

The testimony of Jackson was also improperly admitted. An agency can not be proven by the mere statements of the alleged agent. The judgment is reversed and the cause remanded.

*Judgment reversed.*