## RUDOLPH ROSENBERG ET AL.

### v.

## MARY BARRETT.

1.  PRACTICE ON APPEAL FROM A JUSTICE—SUMMONS TO APPELLEE—TRANSCRIPT TO BE FILED—WAIVER.—While it is the rule that on taking an appeal from a justice by filing an appeal bond in the appellate court, a summons must be issued to the appellee, or his written appearance entered therein, before the appellate court can obtain jurisdiction of the person; and that in the absence of a transcript from the justice, the appellate court has not jurisdiction of the subject matter. so as to dismiss the appeal or render judgment without the consent of the parties, yet where it appears that both parties voluntarily proceeded to trial without objection to the want of service, or failure to file a transcript, these defects will be considered as waived, and the court obtains jurisdiction of the parties and subject matter, and may render judgment in the cause.

2.  PARTIES—MISJOINDER—MUST BE JOINT LIABILITY—In actions *ex contractu*, the plaintiff, in order to recover, must establish a cause of action against all the defendants, and the record failing to show a joint liability of the defendants on the contract sued on, a joint recovery against all cannot be sustained.

Rosenberg et al. v. Barrett.

3. When objections will not be considered.—The objection that the damages awarded by the jury were excessive, not being specifically made by appellants, either in their motion for new trial or in their assignment of errors, it is not considered by this court.

Appeal from the Superior Court of Cook county; the Hon. Joseph E. Gary, Judge, presiding.

Mr. C. S. Beattie, for appellants; that the court had no jurisdiction of the cause, cited Rev. Stat. 1874, 648; Baines v. Kelley, 73 Ill. 181; Reed v. Driscoll, 9 Chicago Legal News, 206; Camp v. Hogan, 73 Ill. 228.

There being no joint liability, the judgment is erroneous: C. & St. L. R. R. Co. v. Easterly, 7 Central Law Jour. 337.

The verdict as shown by the evidence was excessive: Pierce v. Roche, 40 Ill. 292; Schwabacher v. Wells, 49 Ill. 257; Casrell v. Hays, 51 Ill. 261; Ragor v. Kendall, 70 Ill. 95; Reynolds v. Lambert, 69 Ill. 495; I. C. R. R. Co. v. Chambers, 71 Ill. 519; T. W. & W. Ry. Co. v. Moore, 77 Ill. 217.

Bailey, J. This suit was originally commenced by appellee before a justice of the peace of Cook county, to recover a balance which she claims was due her from appellants for work, labor and services. A judgment was rendered in her favor by the justice of the peace for one hundred and fifteen dollars and costs. On appeal to the Superior Court a trial was had resulting in a verdict for appellee for sixty-five dollars, on which a judgment was rendered against appellants.

The first error assigned, which we deem it necessary to notice, calls in question the decision of the court below denying appellant's motion in arrest of judgment. It appears that the appeal from the justice of the peace was taken by filing an appeal bond with the clerk of the Superior Court, and that upon filing said bond, a supersedeas was duly issued to the justice of the peace. The record, however, fails to show the issuing from the Superior Court of any summons to appellee, or the entry by appellee of any appearance *in writing*, and no transcript appears to have been sent up by the justice of the peace of the proceedings before him. Such being the state of the record, it is urged that the

Superior Court had no jurisdiction to try the cause, and that appellant's motion in arrest of judgment should have been sustained on that ground.

It is doubtless the rule, where an appeal from a justice of the peace is taken by filing the appeal bond in the appellate court, that a summons must be issued to the appellee, or his appearance must be entered, before the appellate court can obtain jurisdiction of his person. R. S. 1874, Chap. 79 §§ 68, 70. It is also the rule that in the absence of a transcript, the appellate court has no such jurisdiction of the subject matter as will enable it to dismiss the appeal without the consent of the appellant, or to force the parties to a trial and render judgment without their consent. Reed v. Driscoll, 84 Ill. 96. Where, however, without the issuing of summons or the entry in writing of the appearance of the appellee, and in the absence of a transcript, both parties voluntarily appear and go to trial without objection, as was done in this case, the defect of service as well as the want of a transcript, is waived, and the court obtains jurisdiction both of the parties and the subject matter sufficient to authorize the rendition of a judgment. It is true the transcript supplies the place of a declaration, and unless it is waived, the proceedings in the appellate court must be based upon it. But we know of no rule of law which prohibits parties to suits in courts of record appearing and waiving formal pleadings, and going to trial without them. After such waiver, the absence of pleadings is no ground for arresting the judgment.

It is next urged that the evidence fails to establish the liability of Mercy Rosenberg, one of the appellants, and that the judgment against her is erroneous.

The evidence shows that Rudolph Rosenberg was the proprietor of a laundry, and that appellee was an employe therein. There is no evidence directly tending to show that Mercy Rosenberg, who was the wife of her co-defendant, had any interest whatever in the laundry. Her husband, the only witness who seems to have any knowledge on the subject, testifies that he was carrying on the laundry business, and that his wife had no interest therein, but that she was employed to oversee the work, and

during his absence to take the place of a clerk.    The only evidence we are able to discover having the remotest tendency to show that Mrs. Rosenberg had any interest in the laundry, was that of appellee herself.    She first states: "I went to work for Mr. Rosenberg on the 22nd of May, 1875."    Her counsel then put to her the following question: "State when you went to work for Mr. Rosenberg and his wife, the defendants?"    To which she answered: "22nd of May, 1875; I did laundry work."    Counsel then put to her this question: "They kept a laundry?"    To which she replied: "Yes, sir."

It is impossible to give to this testimony any considerable weight, as tending to show that Mrs. Rosenberg was jointly interested with her husband in the business.    She first says she worked for Mr. Rosenberg, and she is made to couple Mrs. Rosenberg with her husband by means of leading questions adroitly framed, so as to elicit a seeming response to that effect. It is scarcely probable that she really intended to be understood as swearing that Mrs. Rosenberg was in any sense a proprietor. Mr. Rosenberg's testimony on this point being then substantially uncontradicted, we fail to perceive upon what theory a joint verdict and judgment against the appellants can be sustained.

The rule is well settled, that in actions *ex contractu*, the plaintiff, in order to recover, must establish his cause of action against all the defendants, and that if the proof fails to show all liable on the contract described in the pleadings, a recovery cannot be had.    Section 36 of the Practice Act provides, it is true, that "in actions upon contracts, express or implied against two or more defendants as partners, or joint obligors or payors, whether so alleged or not, proof of the joint liability or partnership of the defendants or their christian or surnames, shall not in the first instance be required to entitle the plaintiff to judgment, unless such proof shall be rendered necessary by pleading in abatement, or unless the defendant shall file a plea in bar denying the partnership or joint liability, or the execution of the instrument sued upon verified by affidavit."

It cannot be held that this statute relieves a plaintiff from the necessity of establishing his cause of action against all the

defendants. It merely relieves him from the common law burden of proving their *joint liability* in the first instance. Hence, if it affirmatively appears from the plaintiff's testimony that one of the defendants is not liable upon the contract sued on, or if such fact is established by the defendant's evidence, no recovery can be had. Davidson et al. v. Hill, 1 Bradwell, 70; Garland et al. v. Peeney, Id. 108. It appearing from the evidence that Mrs. Rosenberg is not liable to appellee for the services for which this suit is brought, the judgment must be reversed.

Complaint is made by appellants that the damages awarded by the jury to appellee are excessive. As this point was not specifically made by appellants, either in their motion for a new trial or in their assignment of errors, we are not inclined to consider it, but for the error indicated above the judgment will be reversed and the cause remanded.

Judgment reversed.