## THE AULTMAN & TAYLOR COMPANY
### v.
## J. D. WEBBER ET AL.

1. PARTNERSHIP—DENIAL OF JOINT LIABILITY.—In a suit against persons as partners, before the defendants can deny their liability as partners, it is necessary for them to put the fact of partnership in issue by affidavit denying its existence; but if there was, in fact, a partnership, and the question of the authority of one partner to bind the firm is sought to be raised, the defendants should file an affidavit denying a joint liability with such partner.

2. NOTICE—KNOWLEDGE OF ONE PARTNER, NOT.—The fact that one member of the firm had formerly been the agent of appellants, and had knowledge of an agreement between the members that the new firm should not deal in the goods sold by appellants, does not constitute knowledge on the part of appellant of such agreement. His knowledge of such agreement was acquired as a member of the new firm, and not as agent of appellant.

APPEAL from the Circuit Court of Woodford county; the Hon. JOHN BURNS, Judge, presiding. Opinion filed November 1, 1879.

In March, 1876, the appellees formed a partnership for the sale of agricultural implements, and as such firm entered into a contract with the appellant to sell its threshing machines upon commission. The firm was engaged as general dealers in such implements, during its existence of about four months. During this time the appellees admit they ordered a few extras and repairs from the appellant, and to that extent concede a joint liability.

Prior to the formation of this partnership, the firm of J. T. Taylor & Bro. were engaged in like business, and were selling machines, extras and repairs, for appellants, upon like commission. J. T. Taylor and Brother dissolved their firm by the former purchasing his brother's interest therein, and J. T. Taylor then sold one-half interest in his business to the other appellees, and formed the firm of Webber, Taylor & Co. At the time of the dissolution of the firm of J. T. Taylor & Bro., they had on hand extras and repairs belonging to the appellant of the value of $260.15.

The new firm having taken the business of J. T. Taylor & Bro., and become their successors, the appellant desired that the new firm should take the extras and repairs then in the custody of said J. T. Taylor, and receipt for them under the terms of the contract between them, relating to the selling of machines.

To this end the appellant wrote to J. T. Taylor & Bro., requesting them to turn over to the new firm the said extras and repairs, and send receipt of new firm therefor.

The appellant by due course of mail, received in response to its letter, the following writing: .

"MINONK, Ill., March 18, '76.

Received of J. T. Taylor & Bro. two hundred sixty and 15-100 dollars' worth of Aultman & Taylor extras, at net prices (list less 20 per cent.), which we agree to account for to the Aultman & Taylor Co., as per contract.

WEBBER TAYLOR Co."

This receipt was signed by Taylor for and on behalf of the firm of Webber, Taylor & Co., and he as a member of the firm took said goods, and during the continuance of the firm sold some of them for and on behalf of said firm.

Upon the dissolution of the firm of Webber, Taylor & Co., the extras and repairs then remaining on hand were invoiced and returned to the appellant, but the appellees refused to pay or account for those thus sold by Taylor.

This suit was brought by appellant to recover from the appellees the price of the goods thus sold, as well as for the extras ordered by them and admitted to be due.

On the trial below, the appellees, except Taylor, denied their liability to appellant for the goods alleged to have been received from Taylor under the receipt in evidence, on the ground that at the time of the formation of the firm of Webber, Taylor & Co. there was an agreement between the members of the firm that they would not deal in repairs, and that Taylor should not obtain any upon credit of the partnership without the consent of the other members of the firm.

Mr. M. L. NEWELL, for appellant; that special arrangements

between partners as to making contracts, are not binding upon third parties having no knowledge of them: cited Parsons on Partnership, 243; Sandilands v. Marsh, 2 B. & Ald. 697; Smith v. Jameson, 5 T. Rep. 601; Craren v. Widdows, 2 Ch. Ca. 139; Hawken v. Bourne, 8 M. & W. 703; Trader's Bank v. Astor, 11 Wend. 87; Tillier v. Whitehead, 1 Dallas, 269; Devin v. Harris, 3 G. Green, 186; Nichols v. Chears, 4 Sneed. 229.

If, notwithstanding such prohibition, partners exercise their power as partners to make contracts, the firm is bound: Parsons on Partnership, 244; Smith v. Lusher, 5 Cow. 689; Walden v. Sherburn, 15 Johns. 409; Whitaker v. Brown, 16 Wend. 505; Bank of Rochester v. Monleith, 1 Denio, 402.

As to notice: Williams v. Brown, 14 Ill. 201; Doyle v. Teas, 4 Scam. 202; McCormick v. Wheeler, 36 Ill. 114; Dunlap v. Wilson, 32 Ill. 517.

Mr. W. C. SIMPSON, for appellees; that notice to an agent is notice to the principal, cited Williams v. Brown, 14 Ill. 201; Doyle v. Teas, 4 Scam. 202; Singer Mfg. Co. v. Holdfodt, 80 Ill. 455; Story on Agency, 245.

A subsequent ratification is equivalent to an original authority: Morris v. Tillson, 81 Ill. 607.

PILLSBURY, P. J.   These appellees were sued as partners in this case before a justice of the peace, and before they or either of them, could deny their liability as partners, it became necessary for them to put the fact of partnership in issue by filing affidavit denying its existence.   Warren v. Chambers, 12 Ill. 124; Shufeldt, impl., etc., v. Seymour et al. 21 Ill. 524; McKinney v. Peck, 28 Ill. 177.

If however there was a partnership existing at the time of the alleged contract, and the question is desired to be raised that Taylor used the name of the firm in a transaction where he was not authorized to bind the firm as being outside of the partnership business, or that he was using the firm name for his individual interests, they should have filed an affidavit denying a joint liability with him, or if the suit is brought upon

a contract in writing, denying the execution thereof. Rev. St. 1874, Page 646, § 58; Zuel v. Bowen, 78 Ill. 234.

As no such affidavit was filed in this case, the proof that the contract was made by one member of the partnership fixed the liability of the firm, and the court should have so instructed the jury.

It is not contended by the appellees that the appellant had any actual notice of the alleged secret arrangement between the members of the firm, that the firm should not engage in the business of selling extras and repairs, but claim that the appellant is held to constructive notice because Taylor, one of the members of J. T. Taylor & Bro., agents of appellant, had notice of said limitation as one of the members of the new firm.

This position we deem untenable.

The former agents of appellant were J. T. Taylor & Bro., and upon the dissolution of that firm the agency ceased, and it appears from the record that it was so treated by appellant and the Taylors.

While then they were the recognized agents of appellant they could have no notice of this agreed limitation upon the powers of the individual members of the firm of Webber, Taylor & Co., as that firm was not then in existence. When Taylor entered into the new relation of a member of the firm of Webber, Taylor & Co., his knowledge of said limitation was acquired by him as a member of that firm, and not as an agent of appellant.

It was well known to the appellant that the firm of Taylor & Bro. had been dissolved, and that J. T. Taylor had taken in the other appellees as partners, and established the new firm of Webber, Taylor & Co., and that at that time these extras and repairs were still in the custody of said Taylor; they therefore open negotiations with the new firm to act as their agents in selling extras and repairs, and request Taylor to turn those in his possession over to the new firm, and have the new firm send receipt for them.

We think the substance of the transaction was a proposition upon the part of appellant for Webber, Taylor & Co. to take the goods and sell them under the terms of the written contract,

and an acceptance by Taylor, acting for and in behalf of his firm.

Webber, Taylor & Co. were under no obligation to accept the proposition, and if Taylor had not done so, the appellant could and probably would have received them from him. In this transaction Taylor, instead of occupying the relation of agent to appellant, stood in the position of a contracting party, and therefore in antagonism to the appellant. He was therefore under no obligation, considered in the light of the rules applicable to principal and agent, to inform the appellant of the secret arrangement between him and his co-partners.

We are of the opinion that under the facts of this case the doctrine of constructive notice to appellant does not apply, and that actual notice of such agreement should have been given appellant, or they would not be bound thereby.

It necessarily follows, from these views, that the court should not have modified the instructions asked by appellant bearing upon this point, and in so far as the instructions given to the jury at the instance of appellees are in conflict herewith, they are erroneous.

The judgment of the court below will be reversed and the cause remanded.

Judgment reversed.