HARRY HUNTINGTON

V.

JAMES A. CHAMBERS ET AL.

1. PLEADING.—Appellant pleaded the general issue and the Statute of Limitations to a declaration in assumpsit, containing the common counts, for goods sold by appellees to appellant and one F., who were declared against as partners. *Held*, that the fact of the partnersh p could only be put in issue by a plea in abatement properly verified as directed by the statute.

2. PRACTICE—EXCEPTION TO RULING.—Even if the court below erred in refusing appellant leave to file an additional plea, appellant can not complain of the same now, as he did not except to the ruling at the time.

APPEAL from the Circuit Court of Coles county; the Hon. C. B. SMITH, Judge, presiding. Opinion filed November 21, 1884.

Messrs. HENLEY & ROSE, for appellant.

Mr. D. S. McINTYRE, for appellees; that the general issue with notice denying partnership, and properly verified, is not sufficient, cited Hunt v. Weir, 29 Ill. 83; Shufeldt v. Seymour, 21 Ill. 524.

PER CURIAM. The declaration in this case is in assumpsit, containing the common counts only, for goods, wares and merchandise, sold by appellees to appellant and one John Fife, who are declared against as partners.

Appellant pleaded the general issue and the Statute of Limitations.

The evidence tended to show that the goods for which the suit was brought were purchased of appellees by Fife, and the only defense relied upon by appellant was that he was not a partner at the time of the purchase.

The plea did not put in issue the fact of the partnership averred in the declaration. That fact could only be put in issue by a plea in abatement, properly verified as directed by the statute. Warren v. Chambers et al., 12 Ill. 124; Shufeldt v. Seymour et al., 21 Ill. 524; McKinney v. Peck, 28 Ill. 174; Aultman v. Webber, 4 Bradwell, 427.

Appellant complains that the court refused to let him file a proper plea to admit of said defense. The record does not show that the court refused to permit such a plea to be filed. It shows that the court refused leave to appellant to file an additional plea; but what the plea was which appellant proposed to file does not appear. It is not copied into the record nor is its contents stated. But even if the court erred in refusing the leave asked, appellant can not complain of the same now, as he did not except to the ruling at the time.

Under the pleadings and proof the court rendered the proper judgment, and we see no reason to change our judgment of affirmance.

Judgment affirmed.