## JOHN R. BENSLEY ET AL.

### V.

## HORACE L. BROCKWAY.

*Partnership—Action to Charge Several Defendants as Partners—Joint Liability—Discontinuance as to Part—Sec. 35, Chap. 110, R. S.—Evidence —Motion to Strike Out—Agency—Admissions—Ratification—Set-off— Instructions—Pleading—Practice.*

1. In an action seeking to charge two or more defendants as partners, Sec. 35, Chap. 110, R. S., only relieves the plaintiff from the burden of proving joint liability " in the first instance," and leaves the defendants at liberty to disprove it without first denying it by plea.

2. In such a case, where the plaintiff discontinues as to certain of the defendants, it is error to deny a motion to strike out evidence previously admitted of admissions by one of them to charge the defendants as partners.

3. There can be no ratification of an alleged contract entered into with an agent acting without authority, unless the principal is in possession of a knowledge of the facts.

4. The statements of an agent are admissible against the principal only where they are part of the *res gestæ.*

5. In the case presented, the court should have allowed the remaining

defendants to file a plea of set-off after the discontinuance as to the others. Prior to that time they could not plead a set-off due to themselves only.

6. It seems to be unnecessary to change the pleadings upon a discontinuance as to part of the defendants, whom it is sought to charge as partners in an action *ex contractu.*

7. It is error to give an instruction having no basis in the evidence.

[Opinion filed December 7, 1888.]

Appeal from the Superior Court of Cook County; the Hon. Elliott Anthony, Judge, presiding.

Mr. Charles W. Needham, for appellants.

Messrs. Flower, Remy & Holstein, for appellee.

Gary, J. This action of assumpsit was brought against seven defendants, John R. Bensley, George E. Bensley, M. C. Scoby, Charles R. Bensley, H. O. Hough, D. C. Hough and W. H. Reed. The only plea was a joint plea by all of non-assumpsit.

On the trial the appellee relied for a recovery upon his own testimony as to a contract made by him with Charles R. Bensley for employment of the appellee by the firm of Bensley Bros. & Co. as a salesman, and upon the testimony of the defendant Reed, as to a conversation between himself and Charles R. Bensley in relation to such employment about the time appellee began work.

When appellee rested his case appellants offered to prove that the three first named defendants composed the firm of Bensley Bros. & Co., for which the appellee worked, and that the other four were not members, but only employes of the firm. To this the appellee objected, and his objection being overruled, he excepted, and now assigns the admission of that evidence as a cross-error. It is material to decide now whether that evidence was properly admitted, because, after it was in, the appellee having no rebutting evidence on that subject, was driven to discontinue as to those four, and then the appellants moved to strike out the testimony of Reed, it

being only as to a conversation with a person not party to the suit, nor jointly liable with the then defendants, now appellants. This motion was denied, and appellants excepted, and now assign that for error.

Charles R. Bensley, as the case now stands on the record, is to be considered only as an employe of the firm. Whether he had or had not their authority to employ other employes, is a matter disputed between the parties. But if he had such authority, his conversation with Reed was not had as a part, or in the course, of any business he was doing for the firm, but, at the most, could only be said to be a consultation with another employe upon a subject that there is no claim by the appellee that Reed had any authority over, if he was not a partner.

"The statements of an agent are admissible only where they are a part of the *res gestæ.*" Whiteside v. Margarel, 51 Ill. 507; Story on Agency, Secs. 134–137; 1 Greenl. Ev., Sec. 113; Lindblom v. Ramsey, 75 Ill. 246.

The refusal of the court to strike out the testimony of Reed was therefore error, unless the appellee can maintain that the admission of the evidence that the firm was composed only of the appellants was error, and, therefore, as Charles R. Bensley and Reed ought to have been held, they should still be considered as partners, and as partners their declarations are evidence against the firm. Reed's testimony can not be held to be immaterial. Whether logically or not, the jury must have regarded it, when the court refused to strike it out, as tending to show that the appellants had employed the appellee upon the terms he alleged.

The appellee relies upon Sec. 35 of the Practice Act of 1872, as follows:

"In actions upon contracts, express or implied, against two or more defendants, as partners, or joint obligors, or payors, whether so alleged or not, proof of the joint liability or partnership of the defendants, or their Christian or surnames, shall not, in the first instance, be required to entitle the plaintiff to judgment, unless such proof shall be rendered necessary by pleading in abatement, or unless the defendant shall file a

plea in bar denying the partnership or joint liability, or the execution of the instrument sued upon verified by affidavit."

He cites a long line of decisions in this State and by the Supreme Court of the United States, in which the construction of this statute was involved, in some of which, as Shufeldt v. Seymour, 21 Ill. 524, and Huntington v. Chambers, in the Third District, 15 Ill. App. 426, the effect of the decision is, that if the defendant does not, by plea, in the manner provided by the statute, deny the joint liability, he is estopped to deny it by evidence on the trial.

This court has held that the proper construction of the statutes is that it only relieves the plaintiff from the burden of proving that joint liability, "in the first instance," and leaves the defendants at liberty to disprove it, without first denying it by plea. Davison v. Hill, 1 Ill. App. 70; Garland v. Peeney, 1 Ill. App. 108; Rosenberg v. Barrett, 2 Ill. App. 386.

This distinction has not been discussed in any of the cases cited by the appellee, nor does it appear that any of the courts by which such decisions were made ever had their attention called to it. But in a case involving the construction of another section of the statute, before the last revision, where the arguments of the appellee applied with greater force than to the statute under consideration, the Supreme Court have made and sustained the distinction.

It was provided by the 59th section of the Practice Act of 1845, that "in actions upon bonds, notes and all other writings made assignable by law, in the name of the assignee, the plaintiff shall not be held bound to prove the assignments or signature of any assignor, unless the fact of the assignment be put in issue by plea verified by the affidavit of the defendant, or some credible person, stating that he verily believes the facts stated in the plea are true."

Comparing this section with the 14th of the same act, which provided that "no person shall be permitted to deny on trial the execution of any instrument in writing   *   *   *   unless the person so denying the same shall, if defendant, verify his plea by affidavit," they say: "The language of the 59th section is different from the other.   It dispenses with proof of

the assignment, before the instrument is admitted, unless the
act of assignment is denied by plea, verified by affidavit, whilst
the maker, under the 14th section, is not permitted to deny
the execution of the instrument except in that mode. This
section does not prohibit the defendant from denying the assign-
ment by rebutting evidence. It only provides that until the
assignment is denied in the mode indicated, the plaintiff shall not
be required to make the proof. *    *    *   ·We think a fair
and reasonable construction of these two provisions justifies
the distinction that under the one the maker can not deny the
execution of the instrument either before or after it is intro-
duced, while under the other he can not deny it before, but may
after, its introduction in evidence. The assignment indorsed
upon the note is made *prima facie* evidence of its genuine-
ness, but does not preclude the defendant from rebutting that
fact. Or, if he chooses, he may, by denying it by plea, veri-
fied by affidavit, throw the burthen of the proof on the plaint-
iff *in the first instance.*" These italics are not in the opinion
of the Supreme Court. Lockridge v. Nuckolls, 25 Ill. 178.

The language in the section to be construed now, is, " proof
*    *    *   shall not, in the first instance, be required." In the
59th section quoted it was "the plaintiff shall not be held
bound to prove." The introduction of the words "in the first
instance," imply that there might come a time in the action
when the proof would be required even without the plea;
while from the words of the other section it might be plau-
sibly argued that the plaintiff could never "be held bound to
prove" without the plea.

It follows that the Superior Court did not err in admitting
the evidence that the appellants only composed the firm of
Bensley Bros. & Co., and that it did err in not striking out
the testimony of Reed.

The appellants objected to the case going to the jury on the
pleadings as they stood after it had been dismissed as to four
of the defendants, and their objection being overruled, they
excepted, and now assign that action of the court for error.
No authority is cited to support this assignment. It has never
been deemed necessary, in actions *ex delicto*, to make any

change in the pleadings upon a discontinuance as to one or more of the defendants, nor does there seem to be any need of doing so in actions *ex contractu.*

The second instruction for the appellee was as follows:

"The plaintiff alleges that the contract was made between him and Charles R. Bensley, who, plaintiff claims, represented the firm of Bensley Bros. & Co., and that the contract was afterward ratified by John R. Bensley, the senior member of that firm.

"The defendants allege that the contract was made with John R. Bensley, and that Charles R. Bensley had no authority to make contracts for the firm.   These are questions of fact for the jury to determine from the evidence in the case.   But, upon the question as to the authority of Charles R. Bensley to make the contract, the court instructs you, as a matter of law, that the jury are not bound to take the statement of the witness, John R. Bensley, upon this point as conclusive; but the jury have the right to determine, from all the evidence and circumstances in the case, whether or not Charles R. Bensley had authority to make such a contract.   And the court also instructs you that, even if Charles R. Bensley did not have authority to make the contract, but still, if it was made by him, as plaintiff alleges, and was afterward acted upon by the parties, and ratified by the firm of Bensley Bros. & Co., then it will be binding upon that firm."

The appellee testified that this contract, made with Charles R. Bensley, was for $150 per month or $1,800 per year.

John R. Bensley and Charles R. Bensley testified that the contract was made by appellee with John R. Bensley for the salary named, provided his commissions amounted to that salary; but if they did not, he was to receive only so much salary as his commissions should amount to.   There was no evidence of any authority for Charles R. Bensley to employ appellee, except that appellee did work for appellants, and he says, under no other than his contract with Charles R. Bensley; and there was no evidence whatever, that John R. Bensley or any other member of the firm knew, while appellee worked for the firm of Bensley Bros. & Co., that he claimed any such contract as he relied upon at the trial.

Without knowledge of the facts, there could be no ratification. G., C. & S. R. R. Co. v. Kelly, 77 Ill. 426; Kerr v. Sharp, 83 Ill. 199.

Instructions upon a hypothesis which there is no evidence to support are, if material, erroneous. The cases to this effect are so numerous and well known, that it would be useless to cite any of them.

The court should have allowed the appellants to file a plea of set-off when the case was dismissed as to the other four defendants. While the case stood against seven defendants, appellants could not plead a set-off due to themselves only. When they became the only defendants such a plea was admissible. Brown v. Tuttle, *ante*, p. 389.

While a defendant is not allowed to present his defense piece-meal and may not file additional pleas after he has already on the files one or more, yet when the plaintiff so changes his ground as to make a defense of a certain character for the first time available, justice requires that he should be permitted to make it.

For the errors in refusing to strike out the testimony of Reed, and in giving the second instruction, the judgment is reversed and the case remanded.

*Reversed and remanded.*