## McCarthy v. Muir.

1. MASTER AND SERVANT—*Duty to Furnish Reasonably Safe Appliances.*—It is the duty of the master to use diligence to furnish reasonably safe appliances for the use of his workmen.

2. AGENTS—*Statements of, in Admission, When.*—The statements of an agent are admissible, generally, only when they are a part of the *res gestæ.*

3. AGENTS—*Statements of, Admissible, When—Application of the Law.*—An employe was injured in consequence of the giving way of a trestle. Evidence was admitted that some months after the accident, appellant's foreman pointed out a trestle as the one that broke when appellee was injured, and that such trestle was rotten. The foreman denied having done so. This evidence was held inadmissible. There is no implied authority of a servant to make. long after an act has occurred, admissions as to it, binding upon, or that may be used against the master.

**Memorandum.**—Case. In the Circuit Court of Cook County; the Hon. FRANCIS ADAMS, Judge, presiding. Declaration; plea not guilty; trial by jury; verdict and judgment for plaintiff; appeal by defendant. Heard in this court at the March term, 1893. Reversed and remanded. Opinion filed June 29, 1893.

The opinion states the case.

JOHN E. DALTON, attorney for appellant.

CASE, HOGAN & CASE and ALBERT H. THOMPSON, attorneys for appellee.

OPINION OF THE COURT, WATERMAN, J.

This action was brought to recover damages occasioned by the giving way of a trestle supporting a plank upon which appellee, while working for appellant, was standing.

It is the duty of the master to use diligence to furnish reasonably safe appliances for the use of his workmen. Wood on Master and Servant, Sec. 229; Shearman & Redfield on Negligence, Secs. 87 and 89; Camp Point Mfg. Co. v. Ballou, 71 Ill. 417; Goldie v. Werner, 49 Ill. App.

In the present case witnesses for the plaintiff and de-

fendant testified that the trestle used, appeared before the accident "to be all right."

A servant of appellant, whose duty it was to look after the tools and appliances used by the employes, examined this trestle before it went out on the morning of the accident; it then appeared to be all right.

Appellee kept posted in his shop the following:

"Notice to Employes.

This room is exclusively for your use. You must not go elsewhere on the premises. You must examine all ropes, ladders, stages, etc., before using, and report defects, if any exist; otherwise you use them at your own risk. Every requisite for erecting stages, scaffolds, etc., will be cheerfully furnished and suggestions about the same will be thankfully received. Your time reports show the condition upon which you accept employment, and the rules on the back of same must be strictly adhered to.

By order of                                                 J. G. McCarthy.

Appellee was aware of such notice, and himself testifies that the trestle that broke appeared to be all right.

Whether the falling of the platform on which appellee was working was occasioned by the breaking of this trestle, or whether the trestle broke in consequence of the tipping over of the platform, is not entirely clear.

There was evidence that some months after the accident, appellant's foreman pointed out a trestle as the one that broke when appellee was injured, and that such trestle was rotten. The foreman denies having so done. However this may be, such evidence was inadmissible. There is no implied authority of a servant to, long after an act has occurred, make admissions as to it, binding upon, or that may be used against the master.

The statements of an agent are admissible generally only when they are a part of the res gestæ. Story on Agency, Sec. 134–137; 1 Greenleaf on Ev., Sec. 113; Whiteside v. Margarel, 51 Ill. 507; Linblom v. Ramsey, 75 Ill. 246; Bensley v. Brockway, 27 Ill. App. 410.

An employer is not bound, as counsel contend, to supply

his servants with safe appliances. C. C. & I. C. Ry. Co. v. Troesch, 68 Ill. 545; E. St. L. P. P. Co. v. Hightower, 92 Ill. 139; Sack v. Dolese, 137 Ill. 129; Wood on Master and Servant, 687, 788, 694.

The employer is bound to the exercise of reasonable diligence in this regard.

We do not find in the record of this cause any sufficient evidence showing that appellant neglected this duty.

The burden of proof in respect to this was upon appellee. Wood on Master and Servant, Sec. 707.

That appellant knew, or by any reasonable inspection might have known, of the defect, if any, in this trestle, was not shown; while the means and opportunity for inspection, which he was invited to make, were open to appellee.

The judgment of the Circuit Court is therefore reversed and the cause remanded.