# Chicago and Eastern Illinois Railroad Company, et al., v. Patrick Keegan.

### Gen. No. 10,984.

1. CONTRIBUTORY NEGLIGENCE—*when failure to look is not, as a matter of law.* Where a person about to cross railroad tracks at night, at a street crossing, comes to closed gates and promptly runs under them and " at a trot" proceeds to cross without looking for approaching trains, and by looking straight ahead fails to observe a flagman waving a lighted lantern, he is not guilty of contributory negligence, as a matter of law, where the significance arising from the fact that the gates were closed has been largely lost by reason of a custom known to the plaintiff which had previously prevailed at such crossing, to leave the gates down for long periods when no train was passing or about to pass.

2. CUSTOM—*competency of evidence concerning.* Where it is pertinent to an inquiry in an action for personal injuries to determine how far the plaintiff may have been influenced in his conduct by the fact that crossing gates were frequently permitted to remain closed at a time when trains were not passing or about to pass, it is competent to show such occasions when the gates were so left down which came to the knowledge of the plaintiff, either by personal observation or by information received from others; but it is not competent to show any occasion when such gates were so left down of which the plaintiff had no knowledge, either personal or by hearsay, prior to the injury to him.

3. AGENT—*when declarations of, are competent.* The declarations of an agent are only admissible where they form a part of the res gestæ, or when they accompany and are a part of the act performed by the agent on behalf of his principal within the scope of his authority.

Action on the case for personal injuries. Appeal from the Superior Court of Cook County; the Hon. THEODORE BRENTANO, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1902. Reversed and remanded. Opinion filed March 1, 1904.

W. H. LYFORD and KENESAW M. LANDIS, for appellants.

F. H. TRUDE and ALBERT E. DENNIS, for appellee; JOHN STUART ROBERTS, of counsel.

MR. JUSTICE STEIN delivered the opinion of the court.

Appellee recovered judgment against appellants for personal injuries received by him from the engine of a train which ran into him on appellants' tracks at the Forty-fifth

street crossing in Chicago on February 22, 1900, at about 6 P. M.   The street runs east and west; the tracks north and south.   Appellee was going west, and the train which injured him was going south.   East of the tracks were crossing gates which when lowered indicated the approach of trains.

The declaration is in three counts.   The first charges a failure to ring the bell or blow a whistle; the second, negligence generally in the operation of the train, and the third a failure to provide the engine with a headlight.   The plea was the general issue.   Appellants offered no evidence.

It is first contended that the court erred in not instructing the jury to find appellants not guilty because appellee was not in the exercise of ordinary care for his own safety. It appears from his own testimony that although the gates were down in front of him as he approached the tracks, he went under or around them and proceeded west across the tracks "at a good speed" or in the language of another witness at what "a man might call a trot" until he came to the track where he collided with the engine.   In walking across, appellee looked "straight ahead" and took no notice of the flagman who was waving a lighted lantern. Were this all the proof there could be no question but that appellee was guilty of such negligence as to bar him from all right to recover, notwithstanding the proof of appellants' negligence as charged in the declaration; and this is frankly admitted by his counsel.   But appellee and other witnesses testified that on many days and times before the accident, the gates were kept lowered for long periods without any trains passing or being in sight, so that the fact of the gates being down ceased to have or at any rate lost much of its usual significance.   In view of this testimony, we cannot say as matter of law that appellee failed to exercise ordinary care.   Whether he did or not, was a question of fact for the jury.   It is insisted that the proof of the gates being down at other times was inadmissible as incompetent generally and also because another train was coming from the south which furnished a proper occasion for the

gates being lowered at the time in question and deprived appellee of all excuse for not heeding the warning given by their position. The train from the south however had not come up to the crossing at the time he was injured, and under the circumstances we cannot regard its mere presence towards the south as indicating conclusively that the position of the gates denoted danger. In disregarding the gates, appellee was no doubt influenced (and justifiably so) by his knowledge of the way in which they were habitually operated. While it was proper to receive proof of the gates being down without occasion therefor, so far as appellee had personally observed the same or been informed thereof by others cognizant of the fact, it was error to admit such testimony coming from persons other than appellee who had not informed him of their observations. Whatever he had himself seen or been told by others in regard to the gates being down without cause, necessarily influenced his conduct and was material in connection with the question whether in ignoring the gates he was exercising due care. But proof of their being down without notice to him (of which there was a good deal) was immaterial and had a direct tendency to confuse the issues before the jury and withdraw their minds from the real question for their determination.

The court also erred in permitting appellee to testify to his asking the flagman a few days before the accident why he did not raise the gates, to which the latter answered with an obscene remark. Declarations of an agent are admissible only when a part of the *res gestæ* or when they accompany and are a part of the act performed by the agent on behalf of his principal within the scope of his agency. McCarthy v. Muir, 50 Ill. App. 510; D. & H. Canal Co. v. Mitchell, 92 Ill. App. 577. Such was not the case here. The conduct and language of the flagman may well have prejudiced the jury against appellant, his employer.

For the errors pointed out, the judgment is reversed and the cause remanded.

*Reversed and remanded.*