### Martin & Johnson v. Trainer & Bramblett.

1. JOINT LIABILITY—*may be denied under general issue.* Joint liability may be denied in an action of assumpsit under the plea of the general issue, even though unverified; the effect of verification is simply to cast the burden of proving the joint liability upon plaintiff.

2. CONTRACT—*when party who has signed in blank may dispute written terms of.* A party who has signed a contract in blank may dispute the terms as written above his signature as against the party who wrote such terms.

Action of assumpsit. Appeal from the Circuit Court of Christian County; the Hon. SAMUEL L. DWIGHT, Judge, presiding. Heard in this court at the November term, 1905. Reversed and remanded. Opinion filed March 20, 1906.

J. C. and W. B. McBRIDE, for appellants.

HOGAN & WALLACE, for appellees.

MR. JUSTICE RAMSAY delivered the opinion of the court.

This was a suit brought by Trainer & Bramblett, appellees, in the Circuit Court of Christian county, against Martin & Johnson, appellants, to recover a commission alleged to be due appellees upon a sale of a piece of land near Morrison-

ville.  A jury returned a verdict in favor of appellees, upon which judgment was rendered.  Martin & Johnson appeal.

It appears from the evidence that Mr. Bramblett, one of the appellees (partners in the real estate business), went with one Mr. Hull to the place of business of appellants in Morrisonville under an alleged contract or agreement that if the appellees sold the land to Hull for over $100 per acre they should have from appellants as commission one-half of all that said land sold for over $100 per acre.  Appellees claim that while Bramblett was there, a contract in writing was closed for the sale of the land in question, by the terms of which Johnson agreed to sell and convey the land to said Hull for the sum of $21,630, upon the making of which contract appellees contend that their commission was fully earned, and they accordingly brought suit.

Johnson, on behalf of appellants, claims that when Hull and Bramblett came to him in Morrisonville, that he said to both of said parties that he had only a verbal agreement with one Mr. Mitchell to buy from him the land in question and that if Mitchell would convey the land to him as he, Mitchell, had agreed, Johnson would then sell and convey to Hull at the price then fixed; that Bramblett was very anxious to get a contract in writing made and signed; and Johnson, upon Bramblett's proposal, signed a contract in blank (as he, Johnson, at that time was desirous of driving out in the country to see Mitchell), leaving the contract in blank in Bramblett's hands to be filled up according to the agreement; and that Bramblett wrote the contract over the signature of Johnson and *omitted* to incorporate in the written contract the condition that the sale and contract should be inoperative if Mitchell refused to make a deed; that after filling said blank, Bramblett had Hull sign the contract and took it away with him, treating it as a completed contract; that Mitchell did in fact refuse to carry out his verbal agreement and he, Johnson, was therefore unable to sell and convey to Hull, and for that reason no commission had been earned.

A review of the evidence shows clearly that appellant Martin had nothing to do with the alleged contract of sale in-

volved.   Mitchell, who owned the land, testified that his contract or agreement was with Johnson alone, and the talk upon the part of both appellees, so far as it related to the sale, was with Johnson, the contract in writing was signed by Johnson individually, while both Martin and Johnson testified that Martin had nothing, whatever, to do with the matter, but expressly declined to go into the transaction.

There is nothing in the record to dispute or qualify this evidence, except the fact that appellants are partners in a bank, and the verdict finding Martin to be liable jointly with Johnson in the transaction involved is manifestly against the weight of the evidence.   Appellees contend, however, that as appellants filed a plea of general issue only, and did not file a verified plea denying partnership they cannot be heard to deny joint liability, and rely upon section 36 of the Practice Act which provides that in actions upon contracts against two or more defendants as partners, or joint obligors, whether so alleged or not, proof of the joint liability or partnership of the defendants shall not, in the first instance, be required to entitle the plaintiff to judgment, unless such proof shall be rendered necessary by pleading in abatement, or unless the defendant shall file a plea in bar denying the partnership or joint liability or the execution of the instrument sued upon, verified by affidavit.

We think the only construction which can reasonably be put upon this statute under the authorities is that if defendants seek to throw upon the plaintiffs the burden of showing a joint liability of defendants *in the first instance,* then the issue must be presented by a plea in abatement or a plea in bar verified.

In the case of Davison v. Hull, 1 Ill., App. 70, it was held that section 36, now under discussion, did not require the filing of a plea denying joint liability, verified, when it affirmatively appears that parties are made defendants against whom no joint cause of action is shown.   In the case of Kennedy v. Hall, 68 Ill., 165, defendant filed a plea of *non assumpsit* only, verified and it was held to put in issue the fact of partnership and to impose upon the plaintiff

the *onus* of making out his case. It would seem to be a fair inference from that decision that if the affidavit under that plea put the burden upon the plaintiff, the plea itself would permit defendants to show a want of partnership if they were willing to assume the burden of proof upon that issue.

This section of the statute, in our judgment, was not intended to deprive a defendant of his common-law right to show affirmatively under the general issue a want of joint liability, but to give him the right, by verifying his plea, to compel plaintiff to assume the *onus* and show joint liability *in the first instance.* Bensley v. Brockway, 27 Ill. App., 410; Donnan v. Bang, 3 Ill. App., 400; Rosenberg v. Barrett, 2 Ill. App., 386. In the Bensley v. Brockway case, *supra,* the only plea filed was *non assumpsit* and the court held that under that plea alone defendants were at liberty to disprove joint liability.

Appellants also assign as error the giving of appellees' instructions, but it will be necessary for us to review only the seventh instruction as it was so palpably wrong as to make a reversal necessary.

That instruction told the jury: "That a person who can read and write, negligently signing a contract in blank and directing some one to fill out the same for him, is bound by the terms placed therein and cannot avoid the same because it is different from what he intended."

This instruction was misleading in directing the attention of the jury to any alleged negligence on the part of Johnson in signing the blank with which Bramblett was entrusted and which he filled up over Johnson's signature. The doctrine of negligence invoked has relation to obligations that may get into the hands of some innocent purchaser, but cannot be invoked by one who has by any device written, in blanks, in a contract that which he should not have written there, or omitted to write something which he should have written. La Salle Pressed Brick Co. v. Coe, 65 Ill. App., 619. Furthermore there can be no possible negligence imputed to Mr. Martin as he never signed the con-

tract, and, so far as the evidence shows, was in no way a party to it.

Besides that, such instruction is misleading in giving special emphasis to such written instrument, as appellants, so far as Trainer & Bramblett are concerned, are not es-topped or bound by the recitals in such written agreement, for the reason that appellees were not parties to it; but appellants are permitted to show the true or actual contract existing between the parties. Amer. & Eng. Encyclopedia, 2nd ed., vol. 21, page 1103; Elliott on Evidence, vol. 1, sec. 572; Coleman v. Pike Co., 3 Amer. State Rep., 746; C., S. & St. L. R. R. Co. v. Beach, 29 Ill. App., 157. The instruction as given stated a rule that had no proper place in the trial of the cause, and is open to the further objection that it states a mere abstract proposition of law.

For the reasons above stated the judgment is reversed and the cause remanded.

*Reversed and remanded.*