## Frank Trainer et al., Appellants, v. Louis Johnson, Appellee.

APPEALS AND ERRORS—*of what complaint cannot be made.* A party cannot complain of a theory of recovery adopted by the trial court where he himself by his instructions has adopted such theory.

Assumpsit. Appeal from the Circuit Court of Christian county; the Hon. SAMUEL L. DWIGHT, Judge, presiding. Heard in this court at the May term, 1908. Affirmed. Opinion filed November 24, 1908.

HOGAN & WALLACE, for appellant.

J. C. & W. B. McBRIDE, for appellee.

MR. JUSTICE BAUME delivered the opinion of the court.

This suit was originally instituted by the appellants, Frank Trainer and J. E. Bramblett, partners doing business under the firm name of Trainer & Bramblett, against appellee, Louis Johnson, and one Leroy Martin, as partners, to recover certain commissions for their services in securing a purchaser for certain real estate, and wherein appellants recovered a verdict and judgment against said defendants for $644. Upon appeal to this court said judgment was reversed and the cause remanded for a new trial. Martin v. Trainer, 125 Ill. App. 474. Thereafter, appellants dismissed their suit as to the defendant Martin and another trial of the cause resulted in a verdict and judgment in favor of appellee, Johnson, and against appellants for costs.

The evidence discloses that one Hull, a customer of appellants, desired to purchase a farm of about 200 acres, and that appellee had for sale a tract of land containing 160 acres owned by one Mitchell and another tract containing 47 acres owned by one Lyman; that Hull was induced to agree that he would purchase the Mitchell tract at $110 per acre and the Lyman tract at $90 per acre. The terms of the contract whereby appellants were to receive a commission upon the sale of the land to Hull are sharply disputed, appellants claiming that they were to receive as their commission one-half of the proceeds of the sale of the Mitchell tract over and above $100 an acre, less the sum of $200, and that such commission should be payable to them upon their procuring a purchaser who was ready, able and willing to purchase said land at the stipulated price. It seems to have been understood between appellants and appellee, that appellee should procure a conveyance of the lands to himself from Mitchell and Lyman, with whom he had verbal agreements to that effect, and thereafter convey the lands to the purchaser, and it is claimed on

behalf of appellee that the agreement for the payment of a commission to appellants was expressly contingent upon the ability of appellee to procure conveyances from Mitchell and Lyman. After the terms of the purchase of the land by Hull had been agreed upon appellee signed in duplicate two blank contracts for the sale of said land to Hull and left the same with appellant Bramblett to be filled out by him, and while he (appellee) should drive out in the country to see Mitchell for the purpose of procuring a deed to the land or a written contract for its conveyance, or for some other purpose in connection with the transaction. Bramblett filled out the blank contracts which were signed by appellee, and thereby equivocally bound appellee to convey the lands involved to Hull upon the payment by the latter of the purchase price, and such contracts were then signed by Hull and one copy given to Hull and the other retained by Bramblett. Hull then also made his check for $1500 payable to appellee as a part of the purchase price of the land. Appellee was thereafter unable to procure a conveyance of the land from Mitchell, and upon his representation to Hull that he was unable to procure such conveyance Hull surrendered his copy of the contract to appellee and appellee returned to Hull his check for $1500.

A careful consideration of the evidence leads us to the conclusion that the jury were not unwarranted in finding that appellee's liability to pay a commission to appellants was contingent upon the ability of appellee to procure a conveyance of the land from Mitchell.

As tending to support their claim appellants offered in evidence the contract for the purchase and sale of the land signed by appellee and Hull, and appellee was then permitted to show the circumstances under which such contract was signed and drafted, and was also permitted to testify that the contract actually entered into with Hull was contingent upon the ability of ap-

pellee to procure a conveyance from Mitchell, and that appellant Bramblett in drafting said contract in the absence of appellee neglected to embody the terms of such contingency in the contract. It is urged that such evidence was improperly admitted because it tended to vary and contradict the terms of a written contract. The contract in evidence was merely collateral to the alleged contract upon which a recovery is sought in this case and the appellants were not parties thereto. The admission of the evidence complained of did not contravene the rule sought to be invoked by appellants. Martin v. Trainer, *supra*.

It is urged that the first instruction given at the instance of appellee is erroneous because it makes appellants' right of recovery dependent upon the terms of the written contract between appellee and Hull. While this objection is not without force as applied to said instruction, appellants are not in a position to urge such objection because the third, fourth and seventh instructions given at their instance substantially predicate their right of recovery upon such written contract.

It is said that the second instruction given at the request of appellee is abstract in form and, therefore, misleading. An instruction which informs the jury that in order to recover the plaintiff must prove his case by a preponderance of the evidence is not objectionable as being abstract in form.

The principal objections urged by appellants to certain of the other instructions given at the instance of appellee are met by what we have heretofore said, and while some of such instructions are in other respects not wholly free from minor infirmities we are satisfied that they could not have operated to prejudice the appellants.

There is no reversible error in the record and the judgment of the Circuit Court will be affirmed.

*Affirmed.*