# SUPREME COURT

#### OF

# I L L I N O I S .

## FIRST GRAND DIVISION.

### JUNE TERM, 1867.*

### John Maxey *et al.*

### *v.*

### Henry Heckethorn.

1. EVIDENCE — *authority to act as the agent of another — cannot be proven by the testimony of the party claiming it — uncorroborated.* A party claiming that he had authority to act as the agent of another in a particular transaction, cannot establish such agency by his own uncorroborated testimony.

2. SAME — *of agency — concerning acts of recognition by the principal in former cases — must have been known to the vendor at time of sale.* Proof of the fact, that a person had on former occasions recognized another as his agent in making purchases for him, is not sufficient to charge him for a purchase afterward made by such person, claiming to act as his agent, without proof that at the time of such subsequent purchase the vendor was cognizant of such former acts of recognition.

APPEAL from the Circuit Court of Fayette county.

The opinion states the case.

---

* The term for which Mr. Chief Justice WALKER had been elected having expired, Mr. Justice BREESE, as the senior justice, took his seat as chief justice at this term.

Messrs. MULKEY, WALL & WHEELER, for the appellants.

Messrs. J. P. VAN DORSTON and A. J. GALLAGHER, for the appellee.

Mr. CHIEF JUSTICE BREESE delivered the opinion of the Court:

This was an action of assumpsit in the Fayette Circuit Court brought by Henry Heckethorn against John Maxey and Philip K. Howard, trading and doing business under the firm name of Maxey and Howard. The plaintiff obtained a verdict which the court refused to set aside on motion and reasons filed, and rendered a judgment thereon, to reverse which the defendants bring the case here by appeal.

It appears from the bill of exceptions, that the property purchased of the plaintiff, some cattle and sheep, were purchased by one James Hewitt, representing himself as the agent of Maxey, Howard's name not being used by any of the witnesses, to make the purchase, and, paying $350 on the purchase, he stated that Maxey would pay the balance, and gave directions to ship the cattle to Cairo, as he had done previously with another lot. It was proved John Maxey was in company on one or more occasions when Hewitt purchased cattle, and that Maxey paid for them, and that he paid for the use of a horse hired by Hewitt to go to plaintiff's to buy cattle. The first lot of cattle bought by Hewitt of plaintiff had been shipped to John Maxey. It was proved Hewitt said he was the agent of Maxey. The defendant proved by witness Gillern, that Hewitt was not the agent of appellants at the time of this purchase.

We think the evidence was very slight, indeed, to establish the agency, and that Hewitt could not prove it by his own uncorroborated testimony. *Rawson* v. *Curtis*, 19 Ill. 456. The fact that John Maxey had recognized acts of purchase by Hewitt, is not sufficient to charge Maxey and Howard, in the absence of any evidence going to show that the plaintiff, before he sold to Hewitt, was cognizant of the facts.

The appellee relies upon the testimony of Lee, Sprinkler, Rives and Tankersley, who speak of purchases by Hewitt which Maxey recognized, and for which he paid, and they insist that such recognition can be availed of by the appellee, and of that opinion was the court, in refusing to give this instruction asked for by the defendants below: "Unless you believe, from the evidence, that the transactions proved to have taken place between the witness Lee, and Sprinkler and Maxey and Hewitt, were in some way brought to the knowledge of the plaintiff, he cannot claim that he sold the stock to Hewitt, as the agent of Maxey, because of said transactions."

On the authority of *Rawson* v. *Curtis et al.*, 19 Ill. 475, above cited, this instruction should have been given. In that case, it was said, the principle is well settled that an authority to draw, accept or indorse bills may be presumed from acts of recognition in former instances, but those acts must be known to the party setting them up. In all such cases it must appear that the bill or note was taken and discounted on the faith of prior similar transactions, and, therefore, the holder of a bill purporting to be, but not in fact, accepted by the person to whom it was addressed, cannot recover against the apparent acceptor by proving a fact subsequently discovered, that on a former occasion, the defendant had given a general authority to the person who accepted in his name to accept bills for him; to make such authority available, the holder must show, either that the authority remained unrevoked at the time of the acceptance, or that he took the bill on the faith of such authority. Chitty on Bills, 31.

As was said in that case, these prior transactions, being unknown to plaintiff below, when he sold the cattle to Hewitt, cannot avail him to charge the defendants.

For refusing to give this instruction, the judgment of the Circuit Court is reversed, and the cause remanded for further proceedings consistent with this opinion.

*Judgment reversed.*