H. LEROY THAYER

*v.*

ARTHUR B. MEEKER.

1. FORFEITURE — *of contract for sale of land.* A court of equity will not permit a vendor of land to declare a forfeiture of the contract for a failure to make a payment on the day of its maturity, even though time is made of the essence of the contract, in violation of his agreement to give an extension of the time of payment, without first demanding payment. It is not necessary that

the agreement to extend the time of payment should be founded upon a consideration in such a case.

2. AGENCY — *how shown.* An agency may be shown by the testimony of the agent himself, and when a party in his bill alleges one to have been his agent, and adopts his acts as such, this, with the evidence of the agent, will be sufficient proof.

3. TENDER — *sufficiency of, when refused absolutely.* When a tender of money due on the purchase of land is refused on the ground of an alleged declaration of a forfeiture of the contract, and not upon the ground that it was too small, on bill for specific performance by the purchaser, the party succeeding to the vendor's rights will not be allowed to dispute the sufficiency of the tender.

4. SAME — *when sufficient to stop payment of interest.* In order to release from the payment of interest on money due, the debtor must prove a strict legal tender, as well the exact amount then due as that he has kept the tender good.

APPEAL from the Circuit Court of Will County; the Hon. JOSIAH MCROBERTS, Judge, presiding.

Messrs. HAGAR & FLANDERS, for the appellant.

Mr. JUSTICE WALKER delivered the opinion of the Court:

Early in January, 1872, Van Horn, being the owner of a tract of land near the city of Joliet in this State, contracted to sell it to Meeker for the sum of $2,000, of which $500 was paid in hand, and the balance was to be paid in one, two, and three years, in equal sums, with eight per cent interest per annum. The first of the deferred payments was promptly made at maturity. The second payment was not made on the day it fell due, but was tendered sometime after, and the last was tendered when due.

The contract for the sale was in writing, and time of payment was made of the essence of the contract. At the maturity of the second note, Meeker, who had been absent in Europe, had not returned home, and we think the evidence satisfactorily shows that Van Horn, at the solicitation of Hutchins, the agent of Meeker, extended the time for its payment, but no definite time was fixed further than until his return from Europe.

On the failure to make the payment, Van Horn, without any notice to Meeker or his agent, about April 3, 1874, sold and conveyed the premises to Thayer for the unpaid balance of the purchase money, and also assigned to him the contract of sale to Meeker. On the next day the deed was recorded, and on the 11th the tender was made. Afterwards, on the 14th, Thayer served a notice on Meeker's attorney that the contract was forfeited, and indorsed the same on the contract and had the instrument recorded. Having refused both tenders and refused to convey the premises to Meeker, he brought this bill to compel a specific performance of the agreement, and made Van Horn and Thayer defendants.

On a hearing on bill, answer, replication and proofs, the court decreed that Thayer accept the money tendered him and convey the premises to Meeker; and Thayer brings the case to this court by appeal, and urges a reversal.

It is urged that the evidence fails to show that Van Horn gave any extension of time for the payment of the second note, but we are, from the evidence, satisfied he did. Hutchins, a disinterested witness, is clear and positive as to time, place, and circumstances when the agreement was made. His account is reasonable, natural, and consistent. From age or other causes Van Horn's memory seems to have become impaired. He seems not to be positive that he did not extend the time for payment, but says that he did not, so far as he knew.

But it is insisted that, even if the time was extended, there is no evidence that Hutchins was appellee's agent. Hutchins testified he was, and he is alleged to have been in the bill, and he could prove his agency as well as what he did, claiming to be such agent, and appellee by his bill undeniably adopts his acts as his agent, and that is abundantly sufficient. The cases of *Maxey* v. *Heckethan*, 44 Ill. 437, and *Whiteside* v. *Margarel*, 51 id. 507, only hold that the mere statement made by a person claiming to be the agent of another does not prove the fact. The cases

do not hold, nor were they intended to hold, that an agency could not be proved by the testimony of the agent himself.

It is also claimed that even if the extension was given, it was not founded on any consideration. In equity a party is not permitted to deceive and defraud another by agreeing to such an extension and then disregard it, and thus gain an unjust and inequitable advantage. When the owner of property stands by and permits another to sell it, claiming title, and fails to disclose his ownership, he is afterwards estopped to assert his claim although he received no consideration for concealing his claim. The law proceeds upon the ground that to permit parties to disregard such agreements would be to sanction fraud. There is no inquiry whether there was such a contract as would entitle one party to sue and recover on a breach by the other. In this case equity and good conscience required that Van Horn should have given notice or have demanded the money a reasonable time before he sold to Thayer.

But it is claimed that although the extension of time may have bound Van Horn, time being of the essence of the contract, according to adjudged cases the sale to Thayer was a valid and binding declaration of a forfeiture of the contract, and that he acquired the title free from all claim of appellee. We have seen that Van Horn had put it beyond his power to declare a forfeiture without first demanding payment, and all persons dealing with the property could only acquire Van Horn's rights under the contract.

But it is said the tender was not sufficient in amount by a dollar and a few cents. Inasmuch as appellant placed his refusal on other grounds, and said he would not receive the money, he thereby dispensed with the tender of the exact amount at the very least. Had he been willing to receive the amount of the note and interest, then it would have been necessary, to be binding, that the correct amount should have been tendered. But he repudiated the contract, claimed the land, and refused to receive any money

under the agreement. And this seems to have been the position he assumed when each tender was made. He can not now change his position, and be heard to say there was not a sufficient sum offered.

It is, however, urged that, as appellee claims to have made such a tender as will release him from interest on the balance due, he must prove a strict legal tender, as well the exact amount then due as that he has kept the tender good. This position is correct. To avoid the payment of interest after a tender, the debtor must tender the exact amount due, and he must keep that money ready at all times to pay it to the creditor if he should conclude to receive it and demand its payment. He can not use it, make profit from its use, and then escape the payment of interest when he comes to force the creditor to receive it. The debtor escapes payment of interest upon the supposition that the money should have been received by the creditor, and that the debtor has set it apart for him, and has been thus deprived of its use and prevented from making profit on it. There is no evidence that this money thus tendered has been so held and not used; and, in the absence of such proof, it was error to decree the payment of the money without including interest on the notes until the time of the rendition of the decree. We have not taken the time to make computations, to see whether there was enough of money tendered on each occasion. That requires but a simple calculation that can be readily made, and will be done in the court below. The decree of the court below is reversed and the cause remanded.

*Decree reversed.*