## Peter Schoenhofen Brewing Company v. Nickalous Wengler.

1. AGENCY—*No Implied Authority.*—An agent authorized merely to solicit customers and take orders for beer manufactured by his principal, and collect bills, has no authority, by implication, to fit up saloons for the purchasers of such beer to sell it in.

2. SAME—*Proof of Existence by Declaration of the Agent.*—The authority of an agent, where the agency is directly involved, can only be established by tracing the authority to its source in some word or act of the alleged principal, and can not be found to exist only in the acts or statements of the agent himself.

3. EVIDENCE—*Declarations of an Agent.*—Before the acts or declarations of an agent are admissible in evidence against the principal there must be a *prima facie* showing of the authority of the agent.

4. Same—*Authority Shown by Agents—Previous Similar Acts.*— Even where similar previous acts of the agent done with the approval of the principal are shown, a recovery can not be sustained upon such evidence alone; it must be shown that the person dealing with the agent had knowledge at the time of such dealing of such previous acts and relied upon them.

**Memorandum.**—Assumpsit for goods sold.   Appeal from the Superior Court of Cook County; the Hon. John Barton Payne, Judge, presiding. Heard in this court at the October term, 1894.   Reversed and remanded. Opinion filed December 20, 1894.

Appellant's Brief, Lackner & Butz, Attorneys.

Evidence of the acts and declarations of one claiming to act as agent is not admissible against the principal to establish the fact of the agency.   Mechem on Agency, Sec. 100, Sec. 716; Hatch v. Squires, 11 Mich. 185; Maxey v. Heckethorn, 44 Ill. 438; Whiteside v. Margarel, 51 Ill. 507; Osgood v. Pacey, 23 Ill. App. 117; Proctor v. Tows, 115 Ill. 148.

Where it is attempted to show the fact of an agency by similar previous acts of the agent, knowledge and approval of such previous acts by the principal must be shown. Wheeler v. McGuire, 86 Ala. 398; Taylor v. C. & N. W. Ry. Co., 74 Ill. 90.

Where no express authority is shown and it is attempted to establish the fact of the agency by similar previous acts of the agent, done with the knowledge of the principal, the plaintiff can not recover unless at the time of his dealing with the alleged agent he had knowledge of such previous acts and relied upon the same.   Rawson v. Curtis, 19 Ill. 478; Maxey v. Heckethorn, 44 Ill. 438.

Appellee's Brief, Charles A. Buell and Hosea W. Wells, Attorneys.

Evidence of agency may be direct or indirect, and may be indirectly proven by evidence of the relative situation of the parties or of their habits and course of dealing, or it may be implied or inferred from circumstances, and is a question for the jury.   Mabley v. Irwin, 16 Ill. App. 362; McGregor v. McDevitt, 64 Ill. 261.

Corporations can only act by agents, and we must presume authority in persons who are permitted to act for them. R. R. I. & St. L. R. R. v. Wilcox, 66 Ill. 417; St. L., A. & C. R. R. v. Dalby, 19 Ill. 353; Singer Mfg. Co. v. Holdfodt, 86 Ill. 455; Ryan v. Dunlap, 17 Ill. 40.

If a man is in the open and notorious exercise of the duties of an employment for a corporation, the presumption is that he has been appointed by the proper authorities of the company to such place, and has been authorized by the company to do any and all acts properly pertaining to such position, and within the chartered powers to do, under an enlarged and liberal construction of such powers, the company must be responsible for all his acts.    St. L., A. & C. R. R. v. Dalby, 19 Ill. 353.

If plaintiff dealt with Loss as agent of the defendant, that was proper to be proven, and what was said and done by the contracting parties may be regarded as part of the *res gestae* and admissible for the consideration of the jury. Lycoming Fire Insurance Co. v. Ward, 90 Ill. 545.

The admissions and declarations of an agent are admissible and bind his principal, when they are made during the continuance of the agency, in regard to a matter or transaction then pending *et dum fervet opus*, because they are a part of the *res gestae*.    Greenleaf's Evid., Sec. 113; Whiteside v. Margarel, 51 Ill. 507; M. C. R. R. v. Gougan, 55 Ill. 503.

MR. JUSTICE SHEPARD DELIVERED THE OPINION OF THE COURT.

The appellee, under a verbal contract entered into between himself and one Julius H. Loss, fitted up a saloon in Chicago, and sued and recovered judgment for the contract price against the appellant.

Loss was a solicitor of customers and a collector for the appellant, but it does not appear that he had any authority to perform other acts or make other contracts in behalf of the appellant.

The appellee was allowed, over the objection of the appellant, to narrate the conversation between himself and Loss,

wherein it was stated that Loss said the appellant would pay for the work; and another witness, one Clements, was in like manner allowed to testify that Loss told him that the appellant would pay for fixing up the place, and that he heard Loss tell appellee that the appellant would pay him.

Neither the appellee nor his witness, Clements, testify that Loss was asked if he was authorized by the appellant to make such a contract, nor did Loss make any statement to that effect. It was testified by Clements that he knew of Loss having made arrangements to put in bars at two places, and to put up signs and fix a front at another place; but it was not shown that the appellant ever ratified such arrangements in any way, nor that the work under the arrangements was ever done. Such was substantially all the evidence that tended to establish the agency of Loss to make the contract sued on. And there was no subsequent ratification of the contract.

The president of the appellant corporation testified, denying that Loss had any authority to make the contract in question, and denying that he was authorized to order any repairs or improvements on the premises of any of appellant's customers, and denying that he had ever done so except in one or two cases, and stated that in those instances he was specially authorized to do so only after consulting with the officers of appellant.

It further appeared, by way of defense, that the appellant had no knowledge of the doing of the work sued for, nor of the making of the contract that was made by Loss, and there is no evidence to the contrary. The question of whether the plaintiff below, who is the appellee here, was improperly denied the opportunity to make proof, as offered to be done by him, of a custom in Chicago among brewers dealing with saloon-keepers, which authorized their agents for the sale of beer to fit up saloons for their customers, can not be discussed here, for the reason that the appellee recovered below without such evidence, and he can not complain of what did him no harm. The question is purely one of agency, and whether such agency was established by the evidence that was heard.

That one whose agency, as proved, was authorized merely to solicit customers and take orders for beer manufactured by his principal, and collect bills for beer that had been sold and delivered, does not, impliedly, from such agency, have authority to fit up saloons, either expensively or inexpensively, or to provide places for the purchasers of beer to retail it in, needs no argument or citation of authorities.

Before the acts, declarations or representations of an alleged agent are admissible in evidence against the principal there must be first a *prima facie* showing of the authority of the agent. The authority of an agent, where the agency is directly involved, can only be established by tracing the authority to its source in some word or act of the alleged principal, and can not be found to exist only in the acts or statements of the agent himself. Mechem on Agency, Secs. 100 and 716; Maxey v. Heckethorn, 44 Ill. 437; Whitside v. Margarel, 51 Ill. 507.

And even though similar previous acts of the agent, done with the knowledge and approval of the principal, were shown, a recovery could not be sustained, if such evidence were alone relied upon.

It would be further necessary to show that the person dealing with the agent had knowledge at the time of such dealing, of such previous acts, and relied upon them. Maxey v. Heckethorn, 44 Ill. 437; Rawson v. Curtis, 19 Ill. 456.

The appellee testified that he did not himself know of Loss ever having done anything else for the appellant than sell beer and make collections.

The judgment of the Superior Court will therefore be reversed and the cause remanded.