## Henry B. Rankin, et al. v. Lewis T. Rankin.

1. ABSOLUTE DEED—*when, to be declared a mortgage.* To entitle a party to a decree declaring a deed absolute on its face to be, in fact, a mortgage, the proof must be clear, satisfactory and convincing, and it must appear that a debt existed due from the one claiming to be the mortgagor to the one claimed to be the mortgagee.

2. MORTGAGE—*when a transaction will be held to constitute a, rather than a conditional sale.* Where there is a conveyance by deed and a contract for re-sale, and the evidence leaves it in doubt whether the transaction was a conditional sale or a mortgage, it will, as a general rule, be treated as a mortgage.

3. CONSTRUCTION OF CONTRACTS—*where meaning is doubtful.* The party to a contract, who did not draft the same, should be favored in the construction of such contract, where the language employed by the other party leaves the meaning uncertain and the intention obscure.

4. CONSTRUCTION OF CONTRACTS—*where meaning is doubtful.* Where the language of a contract is susceptible of two interpretations, one of which requires the performance of the impossible, or involves a forfeit-

ure, or renders it unreasonable or unjust, the interpretation which makes performance possible, or avoids forfeiture, or is reasonable or just, will be adopted.

5. CONTRACT OF PURCHASE—*effect of, upon dower rights.* Dower rights are not affected by a contract made by the owner to sell land, and the purchaser to protect himself against such dower rights should have the owner of such rights join in such contract.

Bill to have absolute deed declared a mortgage. Appeal from the Circuit Court of Morgan County; the Hon. OWEN P. THOMPSON, Judge, presiding. Heard in this court at the May term, 1903. Reversed and remanded. Opinion filed November 9, 1903.

N. W. BRANSON and JOHN A. BELLATTI, for appellants.

ALBERT SALZENSTEIN and CHARLES A. BARNES, for appellee.

MR. JUSTICE BAUME delivered the opinion of the court.

Appellee filed his bill in equity against appellants, to have a certain warranty deed, executed by appellee and his brother, William L. Rankin, Jr., to Henry B. Rankin, declared a mortgage, and for redemption therefrom, and for alternative relief in the nature of specific performance under a contract for re-sale. The cause was referred to the master in chancery, to report the proofs, without his conclusions, and on the hearing before the chancellor, a decree was entered finding that the deed was a mortgage and allowing appellee to redeem. This appeal is taken to reverse such decree.

In October, 1896, appellee and his brother, William L. Rankin, Jr., owned 663 acres of prairie land and 166½ acres of timber land, in Menard County, which they had farmed themselves, or by their tenants, for several years preceding. Their business as farmers had been unsuccessful and debts had accumulated at that time, to an amount aggregating approximately $59,500, as follows: a note for $4,000, payable to their mother, if she survived their father, if not, the note to be void; a note for $15,000, payable to appellant, Henry B. Rankin, secured by first mortgage on the prairie land, and on which note there was accrued and unpaid interest amounting to $2,250; the Herman P. Rankin

. guardian fund note for $8,000, and accrued and unpaid interest of $134; notes for $12,000, payable to their father, William L. Rankin, Sr., secured by a second mortgage on the prairie land; ·a note for $15,000, payable to the First National Bank of Springfield, to secure which the bank held the William L. Rankin, Sr., notes and mortgage for $12,000, and a note for $1,500 secured by mortgage on the timber land. On October 12, 1896, appellee applied to appellant, Henry B. Rankin, for a further loan in behalf of himself and his brother, of $5,000, to be secured by mortgage on chattel property, which loan appellant refused to make. Shortly thereafter, Henry B. Rankin, having been fully advised as to the financial condition of appellee and his brother, who were his cousins, concluded, if he could realize on his investments, to purchase the lands in question, and prepared a written option for the purchase by him of said lands, for the sum of $46,410, the timber land to be conveyed subject to the $1,500 mortgage thereon; such option to expire December 25, 1896. He then requested appellee to come and see him, at his (appellant's) expense, which appellee did, about the latter part of October. On that occasion appellee refused to sell or sign the option without consulting with his father and brother, and returned home. On November 7 following, appellee went again to the home of appellant, and after his repeated request for another loan of $5,000 had been denied, the option as prepared, with provisions suggested by appellee for the benefit of himself and his brother were added and it was then signed by appellee. By this option, appellant was, upon the conveyance to him, to apply the purchase money, as follows: 1st, to payment of taxes payable in the spring of 1897; 2nd, the payment of the $4,000 note held by appellee's mother; 3rd, to the payment of appellant, Henry B. Rankin's note; 4th, to payment of amount due on Herman P. Rankin guardian fund; 5th, to payment of all notes held by First National Bank of Springfield, such payment to be conditioned on the release of the second mortgage to appellee's father, held by the bank as collateral;

and, 6th, any balance or remainder of the stated considera-
tion, to be paid to appellee and his brother.  The option
further provided, that after conveyance, appellant should
be entitled to possession of all the lands and the large
brick house, on January 1, 1897, and of the other tenant
houses on March 1, 1897; that appellant should have cer-
tain farm machinery; that appellee and his brother should
have the use of the barn until June 15, 1897, for storing hay;
of the granaries until July 1, 1897, for wheat and oats; and
the right to remove all cord wood, then cut and corded,
and all mine shaft props, until September 1, 1897.  On
November 13 following, the deed in question was executed
by appellee and his brother, conveying to Henry B. Ran-
kin the two tracts of land, in pursuance to the option, and
at that time a statement was rendered by Henry B. Rankin
to appellee showing in detail the payments made by him
upon the purchase money as provided by the option, from
which statement it appeared that he had paid out $611.50
more than the agreed consideration, which amount was
settled by sale of corn by appellee and his brother to Henry
B. Rankin, and by cash.

On December 30, 1896, Henry B. Rankin executed a lease
to appellee of all the premises, for the term of one year
beginning March 1, 1897, and on March 1, 1897, a writing
was executed by them called " additional to lease," wherein
it was provided, that if from the total products of the leased
premises for the year, appellee could pay all expenses,
taxes, his proportion of insurance, and six per cent on
the principal sum of $46,410, for the year, such payment to
be made on or before December 30, 1897, appellant would
accept the same as in full discharge of all rents provided to
be paid by the lease.  It was further provided therein that
" should the total produce of the said premises, or income
thereof, more than pay all the before enumerated expenses,
taxes and insurance, and also the full amount of interest as
above stated in total amount, then in this case, the said
party of the first part, Henry B. Rankin, hereby agrees to
receive this remainder or excess above paying as above in-

dicated, and credit such sum toward payment of the $46,410 as an intended purchase of the farm back by the said party of the second part, viz, Lewis T. Rankin, and the said Henry B. Rankin hereby grants him this privilege.    This privilege and option of purchase back of the said farms granted by the said Henry B. Rankin to the said Lewis T. Rankin, in manner as herein set forth, is limited to the one year beginning March 1, 1897, and ending March 1, 1898, unless and except the said Lewis T. Rankin, by December 21, 1897, can and does comply with the conditions and several payments heretofore and herein recited.    In this latter case, the privileges herein granted shall extend to the next year, beginning March 1, 1898, and ending March 1, 1899, and so on yearly, so long as he can comply with the terms yearly, that are herein granted for this one year."

On the same day the 166½ acres of timber land was excepted from the lease and a bond for a deed given therefor by Henry B. Rankin to appellee.    Appellee continued in possession of the prairie land under the lease, and " additional to lease," by annual renewals, and on December 21, 1901, paid to Henry B. Rankin $410, to apply upon the purchase price, leaving $46,000 due thereon, and subsequently tendered to him $46,000, and demanded a deed for the land, which demand Henry B. Rankin refused to comply with.

Appellee testifies, that on the occasion of his visit to Henry B. Rankin, in the latter part of October, 1896, the latter agreed to accept the deed to be given to him under the option, as security for the sum of $46,410 and promised that he would draw up papers giving appellee and his brother the right to redeem by paying said sum of money, with six per cent interest per annum, together with the taxes, insurance and expenses of keeping the same in good repair; and it is insisted that all the transactions and agreements with relation to the matter, are to be taken together and are corroborative of his version of what took place.    The record in the case is voluminous and has been examined by us in detail.    It must be conceded, that to entitle a party to a decree, declaring a deed absolute in

form to be a mortgage, the proof must be clear, satisfactory and convincing and it must appear that a debt existed, due from the one claiming to be mortgagor, to the one claimed to be mortgagee. Heaton v. Gaines, 198 Ill. 479. Another rule established by the authorities is, that "where there is a conveyance by deed and a contract for re-sale, and the evidence leaves it in doubt whether the transaction was a conditional sale or mortgage, it will, as a general rule, be treated as a mortgage." Jeffrey v. Robbins, 167 Ill. 375. The option to appellant, to purchase the premises, was signed by appellee, after full opportunity to consider its terms, and it contains no provision suggesting that the deed to be made in pursuance of it, was to be other than an abso- lute conveyance of the lands. It provided that the debt due appellant from appellee and his brother should be paid out of the consideration named, and upon the execu- tion of the deed there remained no debt due to appellant. Without a debt to be secured, there could be no mortgage. Crane v. Chandler, 190 Ill. 584. The price agreed to be paid by appellant, Henry B. Rankin, for the land, was its full cash value at the time of the purchase, and the fact that he was obliged to pay more, to liquidate the indebtedness mentioned in the option, and that such excess was repaid to him by appellee and his brother, are strong circumstances tending to show that the transaction was, in fact, what it purported to be, viz, an absolute sale. There was consid- erable correspondence between Henry B. Rankin and ap- pellee during the time covering their entire transactions, and we have looked in vain for an expression legitimately open to the construction that the parties themselves re- garded the conveyance as other than an absolute deed. The proof tends to show, that the father and brother of appel- lee were not fully satisfied with the transaction; that they urged that some arrangement be made by which appellee and his brother could repurchase the property; that Henry B. Rankin refused to deal with appellee's brother but sub- sequently entered into the contract called "additional to lease," under which appellee acquired the right to repur-

chase. Appellant contends that under this contract, appellee's right to repurchase the premises is restricted in this, that the money to pay for such repurchase must be the proceeds of the product of said premises; that money derived from any other source is not available for such purpose; and upon this ground he refused the tender by appellee of $46,000, the balance due on the purchase price. Counsel for both parties, in their arguments, have assumed that appellee's bill of complaint was so framed as to authorize relief in the alternative, dependent upon the conclusion at which the court should arrive, as to whether the deed be held to be a mortgage or whether the transaction be held to be a sale with a contract for repurchase, and the latter be construed to entitle appellee to a reconveyance at any time, upon the payment of the price stipulated. The paper called "additional to lease," which gives appellee the right to repurchase the premises, was drawn by appellant, Henry B. Rankin, and if the language used is uncertain and the intention obscured and open to construction, it should be construed most strongly against him. Massie v. Belford, 68 Ill. 290; Mueller v. N. W. Univ., 195 Ill. 236. Where the language of an instrument is susceptible of two constructions, one of which requires the performance of the impossible, or involves a forfeiture or renders it unreasonable or unjust, the construction which makes a performance possible, or avoids a forfeiture or is reasonable or just, will be adopted. Hilme v. Philadelphia Life Ins. Co., 61 Penn. St. 107; 100 Am. Dec. 621; Holmes v. Parker, 125 Ill. 478. Applying these rules in the construction of the agreement to repurchase, we think it should be construed as authorizing appellee to pay the purchase price at any time within the year beginning March 1. The right to repurchase is limited to the year during which appellee is a tenant under the lease, as the " additional to lease " is only operative in connection with the lease, and it would be manifestly impossible for appellee, within any one year of his tenancy to realize out of the " produce " of the premises, any considerable sum of money, available as a credit on the purchase

price.  The privilege granted appellee by this agreement is the repurchase of the farm, and while under it, appellee has the right to make payments in comparatively small amounts, the privilege to repurchase is not limited otherwise than by the requirement that he shall pay the purchase price within the year of his tenancy. The construction contended for by appellants nullifies this privilege to repurchase, by making it impossible for appellee to avail himself of it. Appellee cannot, however, insist that the deed to him shall be executed by the wife of Henry B. Rankin. "If a purchaser of land desires to protect himself against the dower of the vendor's wife, he should provide against it in his contract." Ebert v. Arends, 190 Ill. 221.

The decree will be reversed and the cause remanded for further proceedings not inconsistent with this opinion.

*Reversed and remanded.*