## Henry B. Rankin v. Lewis T. Rankin.

1. TENDER—*when, established.* Held in this case that the chancellor was warranted in finding that the tender in question therein was unconditional.

2. TENDER—*when, insufficient.* A tender, to avail the party making the same, must be kept good.

3. PRAYER FOR GENERAL RELIEF—*effect of.* Where the facts alleged in the bill and established by the evidence are sufficient to warrant the specific relief granted, the prayer for general relief contained in such bill is sufficient to sustain the decree as entered.

Rankin v. Rankin.

Bill to redeem. Appeal from the Circuit Court of Morgan County; the Hon. OWEN P. THOMPSON, Judge, presiding. Heard in this court at the May term, 1904. Affirmed. Opinion filed January 6, 1905.

N. W. BRANSON and JOHN A. BELLATTI, for appellant.

ALBERT SALZENSTEIN and CHARLES A. BARNES, for appellee.

MR. JUSTICE PUTERBAUGH delivered the opinion of the court.

This cause was before this court, on appeal, at the May term, 1903. The former decree was reversed and remanded for reasons appearing in the opinion then filed, reported in 111 Ill. App. 403. Upon remandment, by stipulation, the cause was tried upon the former record, together with such additional evidence as the respective parties saw fit to introduce. No amendments were made to the pleadings. The Circuit Court, following the opinion of this court, found that the deed of November 13, 1896, was an absolute conveyance and not a mortgage, and not subject to redemption, and that the complainant had a right to purchase the real estate in controversy. A decree was thereupon entered requiring the defendant, upon the payment or tendering by the complainant to the defendant, of the amount specified in the decree, within thirty days, to convey and quit-claim to the complainant the real estate in controversy. Said decree further provided that such conveyance, if made, should in no way affect the dower right of Alma B. Rankin, wife of the defendant, and that the cross-bill be dismissed for want of equity.

The defendant again appeals to this court, and contends that the decree should be reversed for the following reasons:

(1) That the court erred in its construction of the instruments designated as " Addition to lease " and " Contract for the conduct of the business of the farm," in finding that the complainant had a right to purchase the land in controversy, and in decreeing that the defendant should convey the land to the complainant; (2) that the decree is er-

roneous, for the reason that the complainant did not tender performance on his part during the time limited by the option given him; and (3) that there is no allegation in the bill upon which to predicate the findings and decree.

Appellee assigns cross-errors, contending that the court erred in finding that the deed of November 13, 1896, was an absolute deed, and not subject to redemption; that Alma B. Rankin, the wife of defendant, was entitled to an inchoate right of dower in the premises, and in requiring the defendant to pay interest upon the original tender from the time it is alleged to have been made to the date of the decree.

The additional evidence bearing upon the question as to whether the conveyance was absolute or in the nature of a mortgage, consists chiefly of a certified copy of the record of the Circuit Court of Menard county, Illinois, in the matter of a certain bill of interpleader filed by appellant against appellee, his brother and their father, on February 12, 1900, which was introduced by the defendant; also a contract between appellee and his brother and their father, signed by all of them, which was introduced by the complainant. The bill of interpleader, the answers of appellee, his father, W. L. Rankin, Sr., his brother, W. L. Rankin, Jr., as well as the decree, all recognized appellant as the purchaser of the land in controversy, while the contract between W. L. Rankin, Sr., and his two sons, drawn by their solicitor, and with which appellant had no connection, also refers to appellant as the purchaser of the land. The additional evidence referred to but confirms us in our views as to the proper construction of the instruments in question, as expressed in our former opinion, to which we adhere in all particulars.

What we have said disposes of appellant's first contention, and the first, second and third cross-errors assigned by appellee.

Appellant insists that the alleged tender of the check for the sum of $46,000 on February 24, 1902, was insufficient and ineffectual, for the reason that, as he alleges, it was

made upon the condition that appellant would deliver to appellee a warranty deed for the property, signed by both his wife and himself. The evidence as to what was said at the time of the alleged tender, is substantially as follows: Appellee and his attorney, Mr. Salzenstein, testify that on February 24, 1902, they, in company with Mr. Bellatti, attorney for appellant, went to the home of appellant; that after the usual salutations, Salzenstein said, "I believe you know what we are here for," and took from his pocket a check for $46,000, and offered it to appellant, at the same time stating that it was for the $46,000 that he claimed appellee owed him on the land; that appellant refused to receive the check; that at the request of Bellatti, the check was then read aloud to appellant, and Bellatti took a copy of it; that there was nothing said up to that time about a deed; that subsequently Bellatti inquired, in case appellant would accept the tender, what kind of deed appellee would want, and that Salzenstein replied that he thought a warranty deed would be the kind. Appellant and his daughter testify that Bellatti then said, "If I understand you right, then, you would want a warranty deed from both Mr. and Mrs. Rankin?" and that Salzenstein replied that he would, from both. Conceding that the question last quoted was asked and answered as claimed by appellant, the evidence fails to show that the tender was upon condition. Bellatti's inquiry as to the character or kind of deed desired was made subsequent to the making of an unconditional tender which appellant had declined. The fact that Salzenstein replied that he desired, or even demanded, a warranty deed signed by both appellant and his wife, cannot reasonably be held to have related back, or attached to, the original tender so as to have changed its terms. While appellee had no right to demand such a deed as a condition to the delivery of the check, after having made an unconditional tender and refusal of the same, he had a right to request a deed of that character, or to accept it if offered. It is not improbable that the inquiry in question was made for the purpose of inducing appellee

to attach such conditions to the offer already made as would render the same ineffectual and unavailing as a legal tender.

We are of opinion that the chancellor was warranted in finding that the tender was unconditional.

The contention of appellant that there is no allegation in the bill upon which to predicate the findings and decree, is untenable. While it is true that there is no prayer for the specific relief granted, there are, nevertheless, sufficient facts alleged in the bill and established by the evidence, to warrant the decree under the prayer for general relief. Walker v. Converse, 148 Ill. 622.

The fourth and fifth cross-errors are not well assigned. Appellee testified that he made arrangements with the bank upon which the check tendered was drawn, that it was to pay the same if the tender was accepted; that in that event, appellee was to execute and deliver to the bank his note for the amount of the check, to be secured by a mortgage upon the land in controversy; that when the tender was refused by appellant, the check was returned to the bank and destroyed, and that appellee never paid or agreed to pay any interest to the bank for the use of the check. He therefore did not lose the use of any money; neither did he keep the tender good. The chancellor properly decreed, as one of the terms and conditions of redemption, that, in addition to the principal sum found to be due, appellee should pay interest. Thayer v. Meeker, 86 Ill. 470; Aulger v. Clay, 109 Ill. 487.

The decree of the Circuit Court is in all respects proper, and is affirmed.

*Affirmed.*