(No. 2869.   Dec. 31, 1924.)

## BALDWIN PIANO CO. v. GEORGE H. WADE & CO.

### SYLLABUS BY THE COURT

1. Where there is no agency in fact, and no necessity, nor custom, nor ratification, nor acts creating an estoppel, there is no liability, on the part of a consignor of goods, to a landlord for rent of premises in which the property of a consignor is stored or exhibited by a consignee who has leased the premises in which to conduct his own business.

Appeal from District Court, Union County; Leib, Judge.

Action by the Baldwin Piano Company against George H. Wade & Co. From judgment for defendants, plaintiff appeals. Reversed and remanded, with directions.

T. A. Whelan, of Clayton, for appellant.

O. T. Toombs, of Clayton, for appellees.

### OPINION OF THE COURT

PARKER, C. J. . [1] Appellees recovered judgment against appellant for the amount claimed to be due for rent of a store building. The court found there was a landlord's lien in favor of appellees upon two certain pianos, the property of appellant, which were in the building, but the judgment is an ordinary money judgment and no foreclosure of the lien was decreed. The judgment can be sustained only upon the theory that appellant was the tenant of appellees, and this is the position taken by counsel for appellees in support of the judgment. The facts, briefly stated are that appellees entered into a written lease of the premises with one L. D. Wright, who therein ran a music store, selling pianos and other musical instruments. Appellant furnished pianos to Wright on consignments, under a written contract which provided that Wright "agrees to pay all freight taxes and other expenses connected with the handling and sale of your goods," and "that nothing in this agreement shall be in any sense construed as constituting a sale of said goods to the undersigned (Wright), or as giving the undersigned (Wright) an interest of any kind whatever in them." As between these parties it is apparent that Wright had no power to charge appellant with any rentals for a building in which to store or exhibit the pianos, it being Wright's duty to pay all such charges. There can be no agency sufficient to bind appellant unless the same is to be implied from the circumstances. Both appellant and Wright deny any such agency. According to the evidence for appellant, Wright was appel-

lant's agent merely for the sale of its property, consigned to Wright to be sold on commission, with no power to rent buildings for appellant for the storage or display of the instruments.

Counsel for appellees relies upon the circumstances to create an implied agency or an estoppel of the appellant to deny the agency. He argues that appellees, knowing that Wright got all of his pianos from appellant and negotiated the sale of the same in appellant's name, were caused rightfully to believe in the agency of Wright with authority to lease the building for appellant's business. Some declarations of Wright are also relied upon. There is not one word or deed of appellant shown in evidence tending to establish Wright's agency to rent the building, and no inquiry was made of appellant by appellees into the relations between Wright and appellant. The sale of appellant's pianos was not the sole business of Wright. He ran a music store, and handled phonographs and sewing machines, as well as pianos, and lived in the building. Just why appellees failed to assert the lien against Wright's own property, but chose, rather, to rely upon appellant's property, does not appear. Under such circumstances, it is clear that appellees have no remedy against appellant. In the first place, there was no actual agency in Wright ot charge appellant's property with a landlord's lien. The authority to do so is not to be implied, as there is no showing that it was necessary to rent a store building in which to store and exhibit appellant's pianos. Nor is it shown to be customary for persons receiving pianos on consignment to rent store buildings for the owner of the same. Nor is any such course of business between these parties shown to have been previously carried on and ratified by appellant. Nor can the power result from estoppel of appellant, for it is not shown to have done any act upon which appellees, as reasonably prudent men, might rely and take a position to their detriment. Appellant did not act except to ship its pianos to Wright on consignment, under a contract to be exempted from all expenses incurred in their sale, and

appellees had no right to simply assume, as they did, and without inquiry of appellant, that Wright had authority to rent the store for appellant. See 1 Mechem on Agency (2d Ed.) §§, 241-246, 722; 1 Clark & Skyles on Agency, §§ 55, 56; 2 C. J. "Agency," §§ 32-34, 72-74, 231; 21 R. C. L. "Principal and Agent," §§ 32-34. Specific application of some of these considerations is made in Schoenhofen Brewing Co. v. Wengler, 57 Ill. App. 184. In that case, the Brewing Company shipped beer on consignment to a person to be sold in Chicago, and the consignee fitted up a room for the use of his patrons. It was held that the expense of fitting up this room was not recoverable against the Brewing Company.

[2] We have examined the cases cited by counsel for appellee, and find that they were decided upon facts so different from those in this case as to render them inapplicable. Our case of Beebe v· Fouse, 27 N. M. 194, 199 P. 364, and section 19, c· 65, Laws of 1917 need not be noticed because, while the court found that appellees had a valid landlord's lien, no decree was entered establishing and foreclosing the same, the judgment being a simple money judgment.

It follows from the foregoing that the judgment of the court was erroneous, and should be reversed, and the cause remanded, with directions to set the judgment aside, and to render judgment for the appellant; and

It is so ordered.

BOTTS and FORT, JJ., concur.